## 54965. CONTINENTAL INSURANCE COMPANY v. ECHOLS et al.

BELL, Chief Judge.

Plaintiffs brought separate suits to recover on judgments they had obtained against a known uninsured motorist. The defendant insurer pleaded that plaintiffs had not established legal liability of an uninsured motorist as required by Code Ann. § 56-407.1 (g). The cases were consolidated for trial. The court made findings of fact and conclusions of law and entered judgments in favor of plaintiffs. The defendant appeals.

The pertinent facts were stipulated. The plaintiffs were insured under a policy containing uninsured motorist coverage. They were injured in a collision with a known uninsured motorist and a suit was filed against the latter. The uninsured retained her own counsel who answered the complaint by general denial. The defendant carrier was also served but it elected to file no defensive pleadings in its own name as it was authorized to do by Code Ann. § 56-407.1. The case came on for trial and the attorney for the operator of the uninsured vehicle confessed judgment in respective amounts for each plaintiff and a judgment was entered accordingly. A prior appeal was taken from this judgment. In the prior case we held that the insurer by not filing any pleadings did not become a party to the case and any defenses that it could have asserted were of no consequence in that suit; and that the uninsured operator's private attorney was authorized to confess judgment. *Londeau v. Davis,* 136 Ga. App. 25 (220 SE2d 43). *Held:*

As a defense in this suit, the insurer argues that it was not bound by the judgment in the other case between the plaintiffs and the third-party uninsured tortfeasor. Defendant cites Code Ann. § 56-407.1 (g) which states in part that the insured in order to recover under the uninsured motorist coverage must establish "legal liability." Defendant asks us to construe this statutory language to require a "trial of the issues" as between the insured and the uninsured in order to bind the carrier to damages and since the other case resulted in a judgment based on a confession of judgment, there has been no trial

on the issues. A judgment obtained against the uninsured motorist is a condition precedent to recovery against an automobile liability carrier under the provisions of uninsured motorist coverage. *State Farm Mut. Auto. Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364). Here a judgment was obtained against the known uninsured motorist. Plaintiffs fulfilled the condition precedent and "legal liability" for recovery under the cited portion of the statute was shown. The phrase "legal liability" in the statute means exactly what transpired here, viz., the securing of a judgment against the uninsured motorist. A statute should be given logical meaning unless a contrary legislative intent plainly and unequivocally appears from the statute and must square with common sense and sound meaning. *Sale v. Leachman,* 218 Ga. 834 (131 SE2d 185). To adopt the defendant's construction would require us to violate these rules of statutory construction. Defendant is attempting to relitigate issues that have been adjudicated and adjudicated finally. This cannot be done. The findings of fact and conclusions of law were authorized and the judgments are affirmed.

*Judgments affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 8, 1978 — REHEARING DENIED MARCH 2, 1978 — CERT. APPLIED FOR.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellant.

*Rich, Bass, Kidd, Witcher & Billington, Casper Rich,* for appellees.