## A91A1151. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. LORENZ.
### (413 SE2d 782)

Judge Arnold Shulman.

The appellee brought this action seeking to recover uninsured motorist benefits allegedly owed her under two policies of motor vehicle accident insurance issued to her by the appellant insurer. Alleging that she had previously been "forced" to file a declaratory judgment action against the appellant to establish her right to "stack" the coverage provided by these two policies and further alleging that, although she had obtained a favorable ruling in the declaratory judgment action, the appellant had continued to refuse to pay the claim, the appellee additionally sought to recover a bad-faith penalty and attorney fees. The case is before us on appeal from an order granting summary judgment to the appellee and, by implication, denying a motion for summary judgment filed by the appellant.

The appellee was injured on September 13, 1986, when her automobile was struck by a vehicle being driven by Ms. Mercedes Soto, who had $15,000 in motor vehicle liability insurance coverage. The appellee thereafter entered into a settlement agreement with Soto's insurance carrier pursuant to which she was paid $14,500 in return for a complete release of all further claims against Soto arising from the accident. Contending that her damages in fact greatly exceeded the limits of Soto's liability coverage, the appellee thereafter made a demand for benefits under the uninsured motorist provisions of the two policies issued to her by the appellant, each of which provided such coverage in the amount of $15,000. In the prior declaratory judgment action, the court rejected a contention by the appellant that, under OCGA § 33-7-11 (d), the appellee was required "to proceed to judgment against Ms. Soto to be entitled to 'stack' the policies. . . ." In addition, the court ruled that the release which the appellee had executed in connection with her settlement with Soto's insurer did not bar her from recovering these benefits.

The appellant continues to assert in the present action that the appellee is required by OCGA § 33-7-11 (d) to obtain a judgment against Soto as a condition precedent to recovering uninsured motorist benefits, while the appellee asserts that this issue was resolved in her favor in the declaratory judgment action and is therefore res judicata. Apparently rejecting the appellee's contention that the issue was res judicata, the trial judge reached the merits of this defense but nevertheless ruled in the appellee's favor, stating: "Pursuant to the

laws of Georgia an insurer is required to pay a valid claim within sixty (60) days of its being made, and a valid claim may be made months and years before the plaintiff obtains a judgment against an uninsured motorist. *Lewis v. Cherokee Ins. Co.*, 258 Ga. 839 [375 SE2d 850] (1989). Defendant has not contested the merits nor the validity of plaintiff's claim."

1. The statutory authority under which a bad-faith penalty and attorney fees may be assessed against a motor vehicle accident insurer based on its refusal to pay a valid claim for uninsured motorist benefits is OCGA § 33-7-11 (j), which provides, in pertinent part, as follows: "If the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days after a demand has been made by the insured and a finding has been made that such refusal was made in bad faith, the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery and all reasonable attorney's fees for the prosecution of the case under this Code section. *The question of bad faith, the amount of the penalty, if any, and the reasonable attorney's fees, if any, shall be determined in a separate action filed by the insured against the insurer after a judgment has been rendered against the uninsured motorist in the original tort action. . . .*" (Emphasis supplied.)

The issue addressed by the Supreme Court in *Lewis v. Cherokee Ins. Co.*, supra, was whether an insured could make a valid demand for payment of uninsured motorist benefits within the contemplation of OCGA § 33-7-11 (j), so as to start the running of the 60-day period, without first obtaining a judgment against the uninsured motorist. The Supreme Court answered this question in the affirmative, stating: "It is clear that a plaintiff must obtain a judgment against the uninsured motorist before *filing suit* against an insurer for the bad-faith penalty and attorney fees. However, it does not follow that a judgment against the uninsured motorist is a prerequisite for a *demand* against an insurer under this section." Id., 258 Ga. at 840. It is thus clear that the Supreme Court did not intend in *Lewis* to change the long-established rule that " '[i]t is a condition precedent to an action against an automobile liability insurance carrier to recover under the provisions of [OCGA § 33-7-11] on account of injuries and damages to the plaintiff resulting from the negligence of a known uninsured motorist, that suit shall have been brought and judgment recovered against the uninsured motorist.' [Cits.]" *Peagler & Manley Ins. Agency v. Studebaker*, 156 Ga. App. 786 (275 SE2d 385) (1980).

2. The only issues adjudicated in the prior declaratory judgment action were whether the appellee was entitled to "stack" the uninsured motorist benefits provided by her policies and whether the release which she had executed in connection with her settlement with

Soto's insurer precluded her from recovering such benefits. These issues went only to the validity of the appellee's demand for such benefits, and the court was not called upon in that action to determine whether the appellee could recover a judgment against the appellant for such benefits without first obtaining a judgment against the uninsured motorist. We accordingly reject, as apparently did the trial court in the present case, the appellee's contention that this issue was res judicata; and we hold that the trial court erred in granting the appellee's motion for summary judgment.

3. The appellant contends that the trial court further erred in denying its motion for summary judgment. Because it is apparent without dispute that the appellee is now barred by the applicable statute of limitation from maintaining an action against Ms. Soto to recover for the injuries which she allegedly sustained in the accident, see generally OCGA § 9-3-33, we agree that the appellant's motion for summary judgment should have been granted.

*Judgment reversed. Carley, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1991.

*Cooper & Allen, Gary M. Cooper, James C. Williford*, for appellant.

*Hill R. Jordan*, for appellee.