A93A2590. DARBY et al. v. MATHIS et al.
(441 SE2d 905)

SMITH, Judge.

Billy Darby was injured when he was struck by a vehicle operated by Mark Mathis. He and his wife brought an action against Mathis and served Southern Guaranty Insurance Company, as their uninsured motorist insurance carrier, with a copy of the complaint pursuant to OCGA § 33-7-11 (d). Southern Guaranty answered in its own name and cross-claimed against Mathis for any sums required to be paid under its uninsured motorist coverage. The Darbys previously had executed a general release in favor of Stacey Ann Mathis, Mark D. Mathis, and Atlanta Casualty Company, Mathis's liability insurance carrier, in exchange for $15,000. Mathis and Southern Guaranty each moved for summary judgment on the basis of this release, and their motions were granted by the trial court.

1. The Darbys first contend the trial court erred in granting summary judgment to Mathis on the basis of the general release, asserting that the release applied only to Mathis's negligence and not to any wilful or intentional act on his part. This contention is without merit. "A release or settlement agreement is a contract subject to construction by the court. It is governed by state law applicable to contracts in general. The cardinal rule of construction is to determine the intention of the parties. But no construction is required or even permis-

sible when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation." (Citations and punctuation omitted.) *Hopkins v. Hopkins*, 186 Ga. App. 530, 531 (367 SE2d 825) (1988).

The Darbys released "any and all claims, demands, rights, and causes of action, of whatsoever kind or nature, arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, loss and damage to property, and the consequences thereof, resulting, and to result, from a[n] auto accident which happened on or about the 16th day of November, 1990 at or near Duluth, Ga." The wording of this release applies by its terms not to negligence, which is never expressly mentioned, but to "any and all claims, demands, rights, and causes of action of whatsoever kind or nature." Had the Darbys wished to make a partial or pro tanto settlement on negligence claims alone, reserving a claim or cause of action against Mathis for alleged intentional or wilful torts, an express declaration to that effect could have been made in the release. See, e.g., *Wiggins v. Dyer*, 178 Ga. App. 593, 594 (2) (344 SE2d 264) (1986). No such reservation having been made, the plain and unambiguous language of the release controls, and any and all causes of action the Darbys may have had against Mathis are barred. The trial court did not err in granting summary judgment to Mathis.

2. The Darbys also contend that the trial court erred in granting summary judgment in favor of their uninsured motorist carrier on the issue of liability. The courts of this state have not addressed the precise issue presented: whether a general release in favor of an underinsured tortfeasor and his liability carrier, given in exchange for a settlement, operates to bar the injured party from further recovery against his uninsured motorist coverage.[1]

However, some established general principles of Georgia law apply. "[U]nder the provisions of both the Georgia Uninsured Motorist Act (OCGA § 33-7-11) and appellant's own automobile insurance policy, the insurer was obligated only to pay the insured all sums which the insured shall be 'legally entitled to recover' as damage from the owner or operator of an uninsured motor vehicle. OCGA § 33-7-11 (a) (1)." *Williams v. Thomas*, 187 Ga. App. 527, 528-529 (370 SE2d 773) (1988). It is therefore a condition precedent to an action against an uninsured motorist carrier "that suit shall have been brought *and judgment recovered* against the uninsured motorist." (Emphasis in original; citations and punctuation omitted.) Id. (Exclusivity provisions of Workers' Compensation Act, OCGA § 34-9-11, barred judg-

---

[1] *State Farm Mut. Auto. Ins. Co. v. Lorenz*, 202 Ga. App. 123 (413 SE2d 782) (1991), cited by the Darbys, did not reach this issue but instead determined that the insured's action was barred by the statute of limitation. 202 Ga. App. at 125 (3).

ment against defendant and recovery under uninsured motorist policy.)

The courts of several other states have addressed this issue in the context of a policy which requires that the insured be "legally entitled" to recover damages from the underinsured motorist. In *Buchanan v. Buchanan*, 350 SE2d 175 (N.C. App. 1986), the North Carolina Court of Appeals concluded that a general release executed in favor of an underinsured motorist and his liability carrier acted as a bar to recovery against the uninsured motorist carrier. "Having settled and signed a release, neither plaintiff nor [his spouse] can recover further damages from the parties covered by [the liability carrier]. Both plaintiff and [his spouse] fully intended to release [the tortfeasor], and they are now no longer 'legally entitled to recover' from such parties. When the release was signed, the [uninsured motorist carrier] was also released as a matter of law because of the derivative nature of the insurance company's liability. Once the plaintiff released all claims against [the tortfeasor], there is no basis of liability on which the defendant insurance company can be held responsible under the terms of the policy." 350 SE2d at 177. See also *Nationwide Mut. Ins. Co. v. Nacchia*, 628 A2d 48, 52 (Del. 1993); *LeFranc v. Amica Mut. Ins. Co.*, 594 A2d 382 (R.I. 1991); *Sullivan v. American Cas. Co.*, 582 NE2d 890, 896 (Ind. App. 1991), vacated on other grounds, 605 NE2d 134 (Ind. 1992); *United States Fidelity &c. Co. v. Cascio*, 723 SW2d 209, 210 (Tex. App. 1986); but cf. *Sparler v. Fireman's Ins. Co.*, 521 A2d 433 (Pa. Super. 1987) (release will not be construed beyond express consideration recited). Moreover, an insured's settlement with and release of a tortfeasor from liability for a loss, thereby depriving an uninsured motorist carrier of its right to subrogation, provides a complete defense to an action on the policy. *Porter v. MFA Mut. Ins. Co.*, 643 P2d 302, 305 (Okla. 1982). "What [the insured] should have done was make settlement with [the underinsured motorist's] carrier by means of a partial release, conditioned on the reservation of whatever rights and interests the uninsured motorist insurance company . . . might have or claim thereafter against the tort-feasor." Id.

Southern Guaranty's policy includes underinsured motorist coverage under the uninsured motorist coverage provisions of the policy. The policy provides for payment of "compensatory damages . . . which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle.' " The policy further provides that "[i]f we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do: 1. Whatever is necessary to enable us to exercise our rights; and 2. Nothing after loss to prejudice them." As noted in Division 1 of this

opinion, the general release given to Mathis bars further action against him, thus eliminating any legal entitlement of the Darbys to recover damages from him under the terms of OCGA § 33-7-11 and the policy. The general release also terminated Southern Guaranty's right of subrogation under the terms of the policy. As noted above, a pro tanto or partial release expressly reserving these causes of action against Mathis would avoid this result. See also OCGA § 33-24-41.1 (effective April 20, 1992; therefore not applicable here).

The decisions of *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165 (268 SE2d 676) (1980) and *U. S. Fidelity &c. Co. v. Lockhart*, 124 Ga. App. 810 (186 SE2d 362) (1971), aff'd 229 Ga. 292 (191 SE2d 59) (1972), cited by the Darbys, do not demand a different result. Southern Guaranty elected to file an answer in its own name and thus became a party to the action. See generally *Bohannon v. Futrell*, 189 Ga. App. 340, 341-342 (1) (375 SE2d 637) (1988), aff'd 259 Ga. 162 (377 SE2d 853) (1989). However, this does not constitute, as the Darbys contend, a general waiver of all defenses and conditions precedent to coverage under the policy. As we noted in *Moss*, filing an answer in its own name allows the uninsured motorist carrier to assert any coverage defenses without resorting to a separate declaratory judgment action. 154 Ga. App. at 170. (Summary judgment proper where insured failed to comply with reporting requirement of policy.) In *Lockhart*, the insurer waived its defenses, not by participating in the civil action, but rather by negotiating for a settlement after direct suit against it and by repeatedly assuring its insured that the uninsured motorist claim would be paid. 124 Ga. App. at 811-812. The Darbys' reliance on *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833 (305 SE2d 413) (1983), aff'd 251 Ga. 869 (310 SE2d 513) (1984), ignores this court's observation both in *McCall* and elsewhere that "the filing of an answer by the uninsured motorist carrier in its own name does not by itself eliminate the requirement that a judgment first be obtained against the uninsured motorist, as a condition precedent to a claim under the policy against the insurer. [Cit.]" *Boles v. Hamrick*, 194 Ga. App. 595, 596 (391 SE2d 418) (1990).

The Darbys, having settled with and released Mathis, are not "legally entitled" to recover any amount from him and have by the release impaired Southern Guaranty's right of subrogation against Mathis. The trial court therefore did not err in granting Southern Guaranty's motion for summary judgment.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1994.

*Steve A. Didio*, for appellants.
*Michael L. Wetzel, Bentley, Karesh & Seacrest, Robin Depe-*

*trillo, Karsten Bicknese*, for appellees.