A98A0776. KENT et al. v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.
(504 SE2d 710)

RUFFIN, Judge.

Martha and George Kent sued Crystal D. Holloway alleging they were injured in a motor vehicle collision with an automobile operated by Holloway. The Kents served their uninsured/underinsured motorist carrier, State Farm Mutual Automobile Insurance Company ("State Farm"). State Farm answered. Subsequently, the Kents executed a limited liability release relieving Holloway of liability pursuant to OCGA § 33-24-41.1, and voluntarily dismissed with prejudice all claims against Holloway. State Farm then moved for judgment on the pleadings contending that the Kents' dismissal with prejudice of their claims against Holloway barred them from recovering damages from State Farm. In response, the Kents moved to set aside the dismissal arguing that it resulted from both the Kents' and Holloway's mistaken interpretation of the legal effect that the dismissal would have on their suit against State Farm. The trial court granted State Farm's motion for judgment on the pleadings and denied the Kents' motion to set aside the dismissal. The Kents appealed, and for the following reasons, we affirm.

1. The Kents assert that OCGA §§ 33-7-12 and 33-24-41.1 allow them to pursue an action against State Farm, even though they executed a limited release and settled a claim against the defendant

driver, Holloway, and voluntarily dismissed with prejudice all claims against Holloway. We disagree.

Pursuant to the language of OCGA § 33-24-41.1, the Kents defeated their ability to recover damages from their underinsured motorist carrier, State Farm, by voluntarily dismissing with prejudice their claims against the defendant driver rather than merely executing a limited liability release against her. OCGA § 33-24-41.1 provides that the injured party may execute a limited release of the tortfeasor and its insurer, relieving them from all liability, and "still retain the right to pursue his own insurer for other available coverage," here, underinsured motorist coverage. *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. 499, 500 (1) (492 SE2d 268) (1997). However, the injured party must establish legal liability of the defendant driver of an underinsured vehicle before recovery is allowed under the driver's uninsured motorist coverage. OCGA § 33-7-11 (a) (1). Legal liability is defined as the securing of a judgment against the underinsured motorist in order to collect underinsured/uninsured motorist benefits from the carrier. *Continental Ins. Co. v. Echols*, 145 Ga. App. 112, 113 (243 SE2d 88) (1978). "A judgment obtained against the uninsured motorist is a condition precedent to recovery against an automobile liability carrier under the provisions of uninsured motorist coverage. [Cit.]" Id. at 113. See also *Boles v. Hamrick*, 194 Ga. App. 595, 596 (391 SE2d 418) (1990). An injured party who executes a limited release under OCGA § 33-24-41.1 "may still proceed to judgment against the tortfeasor. Such a release under those conditions would not bar proceeding against the uninsured motorist carrier. The limited release therefore does not affect the injured party's ability to obtain a judgment against the tortfeasor, but merely limits the tortfeasor's personal liability in the amount of available insurance coverage." *Rodgers*, supra at 501.

Here, the Kents executed a limited liability release against Holloway, but nevertheless voluntarily dismissed her with prejudice. Thus, although Holloway remained liable to the Kents in the amount of available insurance coverage, the Kents are prevented from establishing that liability and securing a judgment against Holloway. Because the Kents cannot determine Holloway's legal liability, they are barred from recovering underinsured motorist benefits from State Farm. *Rodgers*, supra; *Boles*, supra. Accordingly, the trial court properly granted State Farm's motion for judgment on the pleadings.

2. The Kents also challenge the trial court's denial of their motion to set aside the dismissal with prejudice. The Kents contend that pursuant to OCGA § 9-11-60 (d) (2) the dismissal was a mistake, and therefore, the trial court should have set it aside.

We note initially, that a voluntary dismissal with prejudice which has been accomplished by the parties filing a stipulation of dis-

missal with the clerk of the court operates as an adjudication on the merits and bars the right to bring another action on the same claim for purposes of res judicata. *Fowler v. Vineyard*, 261 Ga. 454, 456 (2) (405 SE2d 678) (1991). Accordingly, the Kents' voluntary dismissal with prejudice constitutes a judgment which, where appropriate, could be set aside under OCGA § 9-11-60 (d) (2). Id.

A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion. *Young Constr. v. Old Hickory House #3*, 210 Ga. App. 559, 561 (2) (436 SE2d 581) (1993). "A motion to set aside may be brought to set aside a judgment based upon: . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant[.]" OCGA § 9-11-60 (d) (2); See also *Northeast Atlanta Surety Co. v. State of Ga.*, 197 Ga. App. 399, 401 (398 SE2d 435) (1990). However, " '[m]ere ignorance of the law on the part of the party himself, where the facts are all known, and there is no misplaced confidence, and no artifice or deception or fraudulent practice is used by the other party either to induce the mistake of law or to prevent its correction, shall not authorize the intervention of equity.' [OCGA § 23-2-27, formerly § 37-209]." *Callan Court Co. v. Citizens &c. Bank*, 184 Ga. 87, 128-129 (3) (190 SE 831) (1937). " 'The rule is well settled that a simple mistake by a party as to the legal effect of an agreement which he executes, or as to the legal result of an act which he performs, is no ground for either defensive or affirmative relief.' [Cit.]" Id. at 130.

In the instant case, there is no evidence of a mistake that was "unmixed with the negligence or fault of [the Kents]." Rather, the mistake asserted by the Kents is the result of their own negligence or fault. The Kents' mistaken determination regarding the effect a voluntary dismissal with prejudice against the defendant driver would have on their right to sue State Farm was due to their own ignorance of the law. Inasmuch as there is no evidence of record that this erroneous determination was induced by deception or fraud, it cannot be the basis for a motion to set aside the dismissal. Id. Accordingly, the trial court did not abuse its discretion in refusing to set aside the dismissal based upon the ground asserted.

We note that, *Morgan v. Starks*, 214 Ga. App. 265 (447 SE2d 651) (1994) and *Wright v. Archer*, 210 Ga. App. 607 (436 SE2d 775) (1993), relied on by the Kents, are not controlling and are factually distinguishable. Unlike the present case, the trial courts in *Morgan* and *Wright* were partially responsible for the mistakes at issue. Moreover, *Morgan* does not involve OCGA § 9-11-60 (d) (2).

3. The Kents further argue that equity requires that the voluntary dismissal with prejudice be set aside, relying on OCGA §§ 23-2-20 and 23-2-21.

OCGA § 23-2-20 provides that "[a]n accident relievable in equity is an occurrence, not the result of negligence or misconduct of the party seeking relief in relation to a contract, as was not anticipated by the parties when the contract was entered into, which gives an undue advantage to one of them over another in a court of law." OCGA § 23-2-21 provides that a mistake, which is either of law or of fact, is relievable in equity when the mistake is "some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." Relief pursuant to OCGA § 23-2-21 "must be mutual, or else [be a] mistake on the part of one to the contract and fraud on the part of the other." *Yablon v. Metropolitan Life Ins. Co.*, 200 Ga. 693, 704 (2) (38 SE2d 534) (1946).

We conclude these statutes do not apply in this case. Clearly, these statutes only allow equitable relief from mistakes of law or of fact that were made in the formation of a contract. In this instance, the only contract of record is the limited liability release. The Kents' only contention is that equity requires the setting aside of the dismissal with prejudice based upon accident or mistake. Because the dismissal with prejudice is not a contract, we conclude that the Kents' reliance on OCGA §§ 23-2-20 and 23-2-21 is misplaced.

Even if the dismissal were treated as a contract and these statutes were applicable, there is no evidence of record that there was a mutual accident or mistake of fact in the execution of the dismissal. Nor is there evidence that the accident or mistake was made without the Kents' negligence or fault. To the contrary, the Kents concede that the accident or mistake was found in their counsel's misinterpretation of the legal effect of the voluntary dismissal with prejudice. However, they argue that Holloway had the same mistaken interpretation, and thus because the mistake was mutual, equity demands the dismissal be set aside. There is no evidence of record that Holloway shared in the Kents' determination of the effect of the dismissal. Consequently, equity does not demand the dismissal with prejudice be set aside. OCGA §§ 23-2-20 and 23-2-21. Accordingly, the trial court did not abuse its discretion in denying the Kents' motion to set aside the dismissal. See *Young Constr.*, supra.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Beasley, J., concurs in the judgment only..*

DECIDED JULY 10, 1998 —
RECONSIDERATION DENIED JULY 27, 1998 — ▮▮▮▮▮▮▮▮

*E. Graydon Shuford*, for appellants.

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Sharon W. Ware & Associates, Mark E. Silvey,* for appellee.