A98A2413. COOK v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
(514 SE2d 48)

ANDREWS, Judge.

Howard Cook appeals from the trial court's grant of summary judgment to State Farm Mutual Automobile Insurance Company (State Farm) and Progressive Preferred Insurance Company (Progressive), carriers of uninsured/underinsured coverage applicable to an automobile accident involving Cook and Crawford.

Cook was injured when struck in the rear by Crawford's car on March 31, 1995, while he was stopped on an exit off Interstate 75. Crawford's liability coverage with Graward General Companies was for only $15,000 and Cook claimed damages in excess of that.

It was Cook's intention to settle with Crawford and his insurer

and then pursue uninsured/underinsured coverage under his policy with State Farm and his employer's with Progressive. On December 26, 1996, Cook signed a release which he contends was that limited release provided for in OCGA § 33-24-41.1 and the insurers contend was a general release also precluding coverage by their policies.

The document entitled "General Release" and subtitled "Release of All Claims" states that, in consideration of payment of Crawford's policy limits, "I, Howard Cook, . . . having been fully compensated for all claims arising out of the incident described below, have released and discharged, and by these presents, . . . release, acquit, and forever discharge Miranda Crawford, Billy Crawford, and Graward General Companies and any and all of their heirs, legal representatives and assigns, Generali — U. S. Branch and Graward General Companies, and any of their subsidiaries, agents or employees, [and any and all other persons, firms and corporations of and] from any and all actions, causes of actions, claims or demands for damages, . . . or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injury and property damage resulting or to result from an occurrence that happened on or about March 31, 1995 at Interstate 75, Cobb County, Georgia."

The portion of the release in brackets and underlined was stricken and initialed by Cook. It is this alteration which Cook says preserves his rights against State Farm and Progressive.

The trial court granted the underinsured motorist and the two insurers summary judgment, relying on *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. 499 (492 SE2d 268) (1997) and *Darby v. Mathis*, 212 Ga. App. 444 (441 SE2d 905) (1994).

First, it cannot be disputed that, pursuant to the language of the release, Cook released all claims against Crawford, without reservation, thereby entitling Crawford to summary judgment based on the release. No appeal has been taken from that summary judgment, entered on February 20, 1998, which found the release "clearly absolves Defendant Crawford of any further liability."

Pursuant to *Kent v. State Farm &c. Ins. Co.*, 233 Ga. App. 564 (1) (504 SE2d 710) (1998), the issue then is whether the release was limited sufficiently to maintain Cook's rights pursuant to OCGA §§ 33-7-12 and 33-24-41.1 against the insurers.

In *Kent*, while the Kents executed a limited release with language maintaining their right to pursue their uninsured/underinsured carrier, they also dismissed with prejudice their lawsuit against the tortfeasor.

OCGA § 33-24-41.1 provides that the injured party may execute a limited release of the tortfeasor and its insurer,

relieving them from all liability, and "still retain the right to pursue his own insurer for other available coverage," here, underinsured motorist coverage. *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. 499, 500 (1) (492 SE2d 268) (1997). *However, the injured party must establish legal liability of the defendant driver of an underinsured vehicle before recovery is allowed under the [injured party's] uninsured motorist coverage.* OCGA § 33-7-11 (a) (1). *Legal liability is defined as the securing of a judgment against the underinsured motorist in order to collect underinsured/uninsured motorist benefits from the carrier. Continental Ins. Co. v. Echols*, 145 Ga. App. 112, 113 (243 SE2d 88) (1978). "A judgment obtained against the uninsured motorist is a condition precedent to recovery against an automobile liability carrier under the provisions of uninsured motorist coverage. (Cit.)" Id. at 113. See also *Boles v. Hamrick*, 194 Ga. App. 595, 596 (391 SE2d 418) (1990). An injured party who executes a limited release under OCGA § 33-24-41.1 "may still proceed to judgment against the tortfeasor. Such a release under those conditions would not bar proceeding against the uninsured motorist carrier. The limited release therefore does not affect the injured party's ability to obtain a judgment against the tortfeasor, but merely limits the tortfeasor's personal liability in the amount of available insurance coverage." *Rodgers*, supra at 501.

(Emphasis supplied.) *Kent v. State Farm &c. Ins. Co.*, supra.

Both State Farm's and Progressive's policies of insurance also contain the "legally entitled to recover" language in their sections on uninsured/underinsured coverage.

In *Kent*, the Kents were operating under a mistake of law as to the effect of the dismissal with prejudice on their claim against their underinsured motorist carrier. That, however, did not preclude the entry of summary judgment in favor of the insurer. " ' "The rule is well settled that a simple mistake by a party as to the legal effect of an agreement which he executes, or as to the legal result of an act which he performs, is no ground for either defensive or affirmative relief." (Cit.)' [*Callan Court Co. v. Citizens &c. Bank*, 184 Ga. 87, 128-129 (3) (190 SE 831) (1937)]." *Kent*, supra at 566.

Cook contends this case is controlled, instead, by *Superior Ins. Co. v. Dawkins*, 229 Ga. App. 45 (494 SE2d 208) (1997) in which a mutual mistake of law under OCGA § 23-2-22 regarding the effect of an act of the legislature was found sufficient to prevent summary judgment for the insurers. Here, however, Cook has shown no such mutual mistake concerning the import of the release, only his belief

that the release did not preclude suit. While the affidavit submitted by Cook's counsel states his understanding of the opinion of the tortfeasor's insurer concerning the release, such a statement is at best hearsay.

> "Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule." [Cit.]

*Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (1) (502 SE2d 738) (1998).

Here, no such exception is shown and that evidence is not probative on the issue of mutual mistake. No affidavit from the adjuster involved for Crawford's insurer is contained in the record, unlike in *Kent*.

Further, the judgment entered on Crawford's summary judgment is in his favor and unappealed,[1] making the legal effect indistinguishable from the dismissal with prejudice in *Kent*.

Even considering the four corners of the release here, however, we conclude that Cook has failed to take those steps which would have indicated, without equivocation, that his release of Crawford was intended to allow him to retain his right to sue the insurers on their derivative liability. *Rodgers v. St. Paul Fire &c. Ins. Co.*, supra at 499-502; *Darby v. Mathis*, supra at 444-445 (1), (2).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1999 —
RECONSIDERATION DENIED MARCH 31, 1999.

*N. William Pettys, Jr.*, for appellant.
*Downey & Cleveland, Rodney S. Shockley*, for appellees.

---

[1] The notice of appeal states that it is from "the Order of the State Court of Cobb County dated and filed June 8, 1998, granting summary judgment to State Farm Mutual Automobile Insurance Company and Progressive Preferred Insurance Company." Compare *Padgett v. City of Moultrie*, 229 Ga. App. 500, 501 (494 SE2d 299) (1997), citing *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (271 SE2d 199) (1980).