## A04A0162. WARD v. ALLSTATE INSURANCE COMPANY et al.
(595 SE2d 97)

ANDREWS, Presiding Judge.

Warren C. Ward suffered personal injuries during a collision between his vehicle and a vehicle driven by Clarence Dodson, Jr., a Houston County sheriff's deputy, during the course of a police chase. Ward sued Dodson in his personal capacity, but the trial court ruled that the action was barred by official immunity. Ward later sued Dodson in his official capacity, but the trial court granted summary judgment to Dodson because the action was barred by the statute of limitation. We affirmed the trial court's order in *Ward v. Dodson*, 256 Ga. App. 660 (569 SE2d 554) (2002).

Ward amended his complaint to show that Allstate Insurance Company was his uninsured motorist carrier. Ward demanded that he be allowed to proceed to trial as in a John Doe action to establish the amount he would be legally entitled to recover as damages caused by Dodson. Allstate moved for summary judgment on the ground that Ward was not entitled to proceed against it as his uninsured motorist carrier.[1] The trial court agreed and granted Allstate's motion for summary judgment. Ward appeals, and we affirm for the reasons set forth below.

OCGA § 33-7-11 (the "Act") requires that, within certain limits, automobile liability insurance policies include an endorsement "undertaking to pay the insured all sums which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . . ." OCGA § 33-7-11 (a) (1). Generally, the insured's right to recover under an uninsured motorist policy is established by obtaining a judgment against the uninsured motorist,

---

[1] Allstate contends in the alternative that it is entitled to summary judgment because Ward did not produce a copy of the insurance policy. See *Chix v. Ga. Farm Bureau Ins. Co.*, 150 Ga. App. 453 (258 SE2d 208) (1979). However, Allstate does not deny the existence of a policy insuring Ward, and the parties' arguments are based on the statutory requirements for uninsured motorist liability insurance. In any case, we do not reach Allstate's alternate grounds for summary judgment.

thus showing that the insured is "legally entitled to recover" those damages. *Kent v. State Farm &c. Ins. Co.*, 233 Ga. App. 564, 565 (1) (504 SE2d 710) (1998). If the insured is not legally entitled to recover from the uninsured motorist, then the insured has no claim against his uninsured motorist insurance carrier under the Act. See id. (when insured's claim against uninsured motorist was voluntarily dismissed with prejudice, the insurer was also relieved from liability); *State Farm &c. Ins. Co. v. Lorenz*, 202 Ga. App. 123, 125 (3) (413 SE2d 782) (1991) (insured's claim against uninsured motorist expired through the running of the statute of limitation, requiring summary judgment in favor of uninsured motorist insurance carrier).

Ward failed to sue Dodson in his official capacity before the statute of limitation expired and so could not recover from Dodson on that claim, and he was legally barred from pursuing Dodson in his personal capacity. By extension, the literal application of the Act would bar recovery against Allstate as Ward's uninsured motorist carrier. Ward, however, relies on an exception to the rule that the insured must be legally entitled to recover from the uninsured motorist in order for uninsured motorist insurance to provide coverage. In *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456-457 (1) (224 SE2d 167) (1976), our Supreme Court found that to allow an insurer to escape liability because of the uninsured motorist's bankruptcy, which acts as a bar to the legal adjudication of liability, was against the intent of the Act. We extended this reasoning in *Tinsley v. Worldwide Ins. Co.*, 212 Ga. App. 809 (442 SE2d 877) (1994), by holding that "it would defeat the intent and purpose of the Act if the appellee were allowed to escape liability because of the defendants' discharge from this litigation under the doctrine of sovereign immunity." Id. at 811. Based on the holding in *Tinsley*, Ward contends that because the action against Dodson in his personal capacity was foreclosed by the doctrine of official immunity, Allstate should remain potentially liable as his uninsured motorist carrier. We disagree.

In *Tinsley*, the key factor in refusing to allow the insurer to escape liability was "the impossibility of appellants ever obtaining a judgment against the uninsured motorist." Id. In her special concurrence to the *Tinsley* decision, Judge Beasley wrote, "I concur because the impossibility of a judgment against the uninsured motorist is created by law unrelated to the merits of the case and not through any inaction or procedural misstep of the injured party." Id. (Beasley, P. J., concurring specially). Here, evidence shows that Houston County had provided an automobile liability insurance policy which would have waived Houston County's sovereign immunity to the extent of its $1,000,000 in coverage. OCGA § 33-24-51 (b). A suit against Dodson in his official capacity as a Houston County sheriff's

deputy would have acted as a suit against Houston County, see *Ward v. Dodson*, supra, 256 Ga. App. at 662 (suit against public employee in his official capacity is a suit against the State), and a recovery may have been covered by insurance, but this avenue was closed to Ward because he failed to sue the proper party within the statute of limitation. Because insurance was potentially available to the motor vehicle driven by Dodson, and because recovery for Ward's injuries was legally possible but for Ward's procedural missteps, we conclude that the reasoning behind *Wilkinson* and *Tinsley* does not hold, and that the general rule should apply. As we noted above, if we apply the general rule, Ward cannot show he is legally entitled to recover from Dodson and so cannot recover from his uninsured motorist carrier. OCGA § 33-7-11 (a) (1). Accordingly, the trial court did not err in granting summary judgment to Allstate.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 29, 2004 —
RECONSIDERATION DENIED FEBRUARY 13, 2004 

*Carl A. Veline, Jr., Waymon S. Harrell*, for appellant.
*Downey & Cleveland, Alan J. Gibson*, for appellees.