**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

**March 7, 2022**

# In the Court of Appeals of Georgia

A21A1434. KNIGHT v. SAFETY NATIONAL CASUALTY CORP.

DILLARD, Presiding Judge.

Melissa Knight appeals from the trial court's grant of Safety National Casualty Corporation's motion to dismiss. Specifically, Knight argues the trial court erred in granting Safety National's motion when (1) she was both a statutory insured and a named insured under its uninsured motorist (UM) policy; (2) she was operating an automobile covered by the UM policy; (3) it is judicially estopped from disclaiming coverage; and (4) the policy is ambiguous. For the reasons set forth *infra*, we affirm the grant of Safety National's motion to dismiss.[1]

---

[1] Oral argument was held in this case on September 8, 2021, and is archived on the Court's website. *See* Court of Appeals of Georgia, Oral Argument, Case No. A 2 1 A 1 4 3 4 ( S e p t . 8 , 2 0 2 1 ) , *a v a i l a b l e a t* https://www.gaappeals.us/oav/A21A1434.php.

Viewing the pleadings *de novo* in the light most favorable to Knight as the nonmoving party,[2] the record shows that following an automobile accident, Knight sued Trey Prescott Hunley and several John Doe entities. She sought to recover under UM policies from, among other entities, her employer's insurer, Safety National.

The accident occurred while Knight was on a work-related errand for her employer, Waffle House, Inc. Hunley ran a red light and struck the side of Knight's vehicle, causing permanent injuries to Knight. Knight sought to recover a total of "not less than $500,000.00" and attorney fees due to general and special damages for those injuries, medical expenses in excess of $16,000, and lost wages.

In response, Safety National answered and filed a cross-claim against Hunley and Knight's insurance carriers. Among other things, Safety National asserted that Knight was barred from further recovery from her employer because she accepted worker's compensation benefits. It also denied that the relevant UM policy covered Knight. Additionally, Safety National attached a certified copy of Waffle House's insurance policy to its answer.

---

[2] *See, e.g.*, *Thomas v. Gregory*, 332 Ga. App. 286, 287 (772 SE2d 382) (2015) ("On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo . . . [and] construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor." (citation, punctuation, & footnote omitted)).

Thereafter, Safety National moved to dismiss Knight's claim for UM coverage based on failure to state a claim upon which relief could be granted—*i.e.*, that Knight was not covered by Waffle House's UM policy. In support, Safety National cited to both the language of the policy and the definition of "insured" in OCGA § 33-7-11. Following a hearing on the matter, the trial court agreed with Safety National and granted its motion to dismiss on April 10, 2019.

Knight timely appealed the trial court's April, 10, 2019 order, but we dismissed the case because she failed to follow the interlocutory appeal requirements of OCGA § 5-6-34 (b). Upon return to the trial court, Knight filed a consent motion for the dismissal of Hunley and the entry of a final judgment. Specifically, Knight requested that the court "dismiss the claims against Defendant Trey Prescott Hunley, and enter final judgment in this case, so that an appropriate appeal may follow the entry of final judgment and dismissal of Mr. Hunley."

On March 29, 2021, the trial court issued an order in response to the consent motion, which noted, in pertinent part: "All claims against Mr. Hunley are hereby dismissed with prejudice, and this Order shall act as a final judgment in this case as provided by [OCGA] §§ 9-11-54 and 5-6-34, so that the parties may pursue any

appellate options they may have from the entry of this Order granting final judgment." This appeal follows.

Before reaching the merits, we must first address Safety National's contention that Knight's appeal is a nonstarter because she failed to satisfy a condition precedent before seeking to collect damages from it as a UM carrier.[3] Specifically, Safety National argues that Knight must first obtain a judgment against Hunley before collecting from a UM carrier. And while the trial court's March 29, 2021 order granted a "final judgment in this case" for purposes of OCGA § 9-11-54, Safety National asserts that Knight dismissed her claims against Hunley *with prejudice* and therefore cannot now recover a judgment against him. So, because Knight cannot recover an actual judgment against Hunley, Safety National maintains she cannot satisfy this prerequisite to recovery from a UM carrier.

We agree with Safety National that Knight fails to satisfy the condition precedent of first obtaining a judgment against Hunley as required by *Kent v. State*

---

[3] *See Thompson v. Allstate Ins. Co.*, 285 Ga. 24, 25 (673 SE2d 227) (2009) ("Appellees filed defensive pleadings in their own names, thereby becoming parties to the action and gaining the right to assert any coverage defenses, including an alleged failure to comply with a condition precedent to recovery of UM benefits."). This contention was more fully explored during oral argument, after which the parties filed supplemental briefs on this question for the Court's benefit. We thank them for doing so.

*Farm Mutual Insurance Co.*[4] and its progeny. In *Kent*, the plaintiffs executed a limited release to settle the case against the defendant driver and then went on to voluntarily dismiss all of their claims against the driver with prejudice.[5] This Court later determined that because of the voluntary dismissal, the plaintiffs were "prevented from establishing . . . liability and securing a judgment against [the driver]."[6] And because the plaintiffs could not establish the defendant driver's legal

---

[4] 233 Ga. App. 564 (504 SE2d 710) (1998) (physical precedent only). Although *Kent* was originally physical precedent because Judge Beasley concurred only in the judgment without further commentary, it has since been favorably relied upon in cases that constitute fully binding precedents. *See Johnson v. Butler*, 323 Ga. App. 743, 746 n.13 (748 SE2d 111) (2013) (explaining that subsequent unanimous panels may adopt, and thus make fully precedential, the holdings from physical-precedent opinions); *see also Wade v. Allstate Fire & Cas. Co.*, 324 Ga. App. 491, 496 (751 SE2d 153) (2013) (relying upon *Kent* for proposition that plaintiff's "general release of claims against these [defendants] would preclude his ability to pursue UM benefits for his uncovered losses for which these defendants are deemed responsible"); *Morton v. Horace Mann Ins. Co.*, 282 Ga. App. 734, 738 (2) (b) (639 SE2d 352) (2006) (relying upon *Kent* for the proposition that "it is well settled that an injured party first must establish that the driver of the uninsured vehicle is legally liable to him or her for the accident before recovery is allowed under uninsured motorist coverage"); *Ward v. Allstate Ins. Co.*, 265 Ga. App. 603, 604 (595 SE2d 97) (2004) (relying upon *Kent* for the proposition that "[i]f the insured is not legally entitled to recover from the uninsured motorist, then the insured has no claim against his uninsured motorist insurance carrier under [OCGA § 33-7-11]").

[5] *See Kent*, 233 Ga. App. at 564.

[6] *Id.* at 565 (1).

liability, they were barred from recovering UM benefits from their insurance company.[7] In addition, and importantly, we rejected the plaintiffs' argument in *Kent* that the dismissal with prejudice should be set aside under OCGA § 9-11-60 (d) (2) due to "[f]raud, accident, or mistake," reasoning that any mistake was "the result of [the plaintiffs'] own negligence or fault."[8] And a mistaken determination regarding the legal effect of a voluntary dismissal with prejudice against a defendant driver cannot be "ground[s] for either defensive or affirmative relief."[9] So too here.[10]

---

[7] *See id.*; *see also Rodgers v. St. Paul Fire & Marine Ins. Co.*, 228 Ga. App. 499, 499-502 (1) (492 SE2d 268) (1997) (plaintiff's execution of a general release, rather than a limited release, barred recovery under UM coverage because a judgment against the defendant driver was a condition precedent required by law *and* by the UM coverage policy); *Darby v. Mathis*, 212 Ga. App. 444, 446 (2) (441 SE2d 905) (1994) (plaintiffs' release of all claims against the defendant driver impaired their UM coverage insurer from its right of subrogation against the defendant driver, and thus, barred the plaintiffs from recovering from their carrier); *Williams v. Thomas*, 187 Ga. App. 527, 528 (370 SE2d 773) (1988) ("As appellant is barred by the exclusive rights and remedies provision of [the Workers' Compensation statute] from obtaining judgment either against his employer or the co-employee who injured him, he cannot satisfy the condition precedent to an action against his insurer for recovery under the uninsured motorist provisions of his policy.").

[8] *Kent*, 233 Ga. App. at 566.

[9] *Id.* (citations & punctuation omitted).

[10] Although neither party makes mention of it, *Kent* and the cases it relies upon, *see Boles v. Hamrick*, 194 Ga. App. 595 (391 SE2d 418) (1990); *Cont'l Ins. Co. v. Echols*, 145 Ga. App. 112 (243 SE2d 88) (1978), were decided prior to the 2006

6

Indeed, even Knight *agrees* with Safety National that *Kent* "is problematic for this appeal under OCGA § 9-11-60 (d)." Knight is right to do so, especially in light of the explicit language of Safety National's UM policy that covers "compensatory damages which the insured is *legally entitled* to recover from the owner or operator

---

amendment of OCGA § 33-24-41.1 (a), which previously specified that an insurer was to pay "all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured vehicle." Former OCGA § 33-24-41.1 (a) (1) (2005). But we have rejected the assertion that by deleting these words, the General Assembly "intended to abolish the requirement that a judgment be obtained against the UM as a condition precedent to recovery from a UM carrier." *Durrah v. State Farm Fire & Cas. Co.*, 312 Ga. App. 49, 51 (2) (717 SE2d 554) (2011); *see State Farm Mut. Auto. Ins. Co. v. Girtman*, 113 Ga. App. 54, 57 (2) (147 SE2d 364) (1966) (providing various statutory reasons, in addition to "legally entitled" language, to conclude that the recovery of a judgment was condition precedent to bringing suit against insurance company under UM coverage). *See generally Dees v. Logan*, 282 Ga. 815, 820 (653 SE2d 735) (2007) (Carley, J., concurring) (explaining that "the 2006 enactment is clearly the General Assembly's response to [*Gordon v. Atlanta Cas. Co.*, 279 Ga. 148 (611 SE2d 24) (2005)]," in which our Supreme Court interpreted that in OCGA § 33-24-41.1 (a) (1) "[a]ll means all, every single one" and "[because] the insured in this case is entitled to recover damages for the death of his son against the owner or driver of the uninsured vehicle, he is entitled to recover those damages against his insurer"). Indeed, as recently as 2015, our Supreme Court continued to consider the recovery of a judgment against a UM as a condition precedent to suit against the insurance carrier. *See FCCI Ins. Co. v. McLendon Enter., Inc.*, 297 Ga. 136, 141 (772 SE2d 651) (2015) (noting the requirement that a plaintiff "first sue and recover a judgment against the uninsured motorist" has, under the Uninsured Motorist Act, generally "been considered a condition precedent to a suit against the insurance carrier").

7

of an uninsured motor vehicle . . . ."[11] Even so, Knight attempts to distinguish *Kent* by arguing that she and Hunley did not "intend" for the trial court's final order to operate as a voluntary dismissal with prejudice but merely as a way to permit the case to proceed on appeal. As a result, she insists Hunley's dismissal with prejudice was a "clerical error," informs this Court that she has asked or will ask the court to "exercise its discretion to correct the clerical error by Knight and Hunley pursuant to OCGA § 9-11-60 (g)," and requests that we allow her appeal to proceed on the merits.[12] We find this argument unpersuasive.

Whether by operation of law or the relevant policy language, Knight was required to obtain a judgment against Hunley before seeking to collect UM benefits from Safety National.[13] And while Knight claims the dismissal of Hunley with

---

[11] (Emphasis supplied).

[12] Knight does *not* suggest that we remand this case to the trial court, but instead asks us to "allow this case to proceed on its merits and in the interim [she] will ask the trial court to exercise its discretion to correct the clerical error by Knight and Hunley pursuant to OCGA § 9-11-60 (g)." Needless to say, for the reasons noted in this opinion, we are not at liberty to do so.

[13] *See Bell v. State Farm Mut. Auto. Ins. Co.*, 355 Ga. App. 82, 84 (842 SE2d 530) (2020) (affirming grant of summary judgment to UM carrier because plaintiff could no longer obtain a judgment against the defendant driver and thus "cannot satisfy the condition precedent to the entry of judgment against her uninsured motorist carrier"); *Rodgers*, 228 Ga. App. at 499-502 (1) (plaintiff's execution of a

8

prejudice resulted from a "clerical error,"[14] this is an error she was aware of and failed to rectify prior to filing her appeal, which then divested the trial court of jurisdiction over this matter.[15]

Moreover, Knight's reliance on *Sanson v. State Farm Fire & Casualty Co.*[16] and *Mullinax v. State Farm Mutual Automobile Insurance Co.*[17] is misplaced. In *Sanson*, a party inadvertently sent a full release and dismissal with prejudice even though the parties intended for the execution of a limited release with *no* dismissal.[18]

general release, rather than a limited release, barred recovery under UM coverage because a judgment against the defendant driver was a condition precedent required by law *and* by the UM coverage policy).

[14] *See* OCGA § 9-11-60 (g) ("Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.").

[15] *See, e.g.*, *Gomez v. Innocent*, 323 Ga. App. 1, 4 (3) (746 SE2d 645) (2013) ("A notice of appeal divests the trial court of jurisdiction to supplement, amend, or modify the judgment while the appeal of that judgment is pending."). Although the notice of appeal does not deprive the trial court of jurisdiction "as to other matters in the same case not affecting the judgment on appeal," *Fred Jones Enter., LLC v. Williams*, 331 Ga. App. 481, 483 (1) (771 SE2d 163) (2015), Knight does not argue this is such a case.

[16] 276 Ga. App. 555 (623 SE2d 743) (2005).

[17] 303 Ga. App. 76 (692 SE2d 734) (2010).

[18] *See Sanson*, 276 Ga. App. at 555.

9

And as soon as the mistake was recognized, the party notified the other litigants and filed a motion to rescind the dismissal under OCGA § 9-11-60 (g) as a clerical mistake.[19] We then concluded the trial court abused its discretion by denying the motion to rescind when the facts "demonstrate[d] that a clerical error was made by mutual mistake of the parties, resulting in an erroneous judgment—the dismissal with prejudice."[20] Similarly, in *Mullinax*, the plaintiffs filed a voluntary dismissal with prejudice for the defendant driver after executing a limited release.[21] Then, after the UM coverage provider filed a motion for summary judgment on this and other grounds, the plaintiffs filed a motion to correct and rescind the voluntary dismissal with prejudice under OCGA § 9-11-60 (g).[22] The trial court denied the plaintiffs' motion, concluding they had committed an error of law.[23] We reversed, holding that the circumstances were no different than those in *Sanson*.[24]

---

[19] *See id.* at 556.

[20] *Id.*

[21] *See Mullinax*, 303 Ga. App. at 76.

[22] *See id*. at 76-77.

[23] *See id.* at 77.

[24] *See id.* at 80 (2).

10

Suffice it to say, neither *Sanson* nor *Mullinax* have any applicability here. Knight filed her notice of appeal with full knowledge that Hunley was dismissed "with prejudice." And it was not until oral argument before this Court that Knight apparently realized the impact of the trial court's order. Thus, unlike the plaintiffs in *Sanson* and *Mullinax*, Knight did not file a OCGA § 9-11-60 (g) motion with the trial court prior to filing her notice of appeal, which divested that court of jurisdiction.

So, because the trial court's final judgment dismissed the claims against Hunley with prejudice and that court is now without jurisdiction to even consider a OCGA § 9-11-60 motion to rectify what Knight attempts to characterize as a clerical error, we agree she is unable to satisfy the condition precedent of obtaining a judgment against Hunley before suing to collect UM benefits from Safety National.

For all these reasons, we affirm the trial court's dismissal of the case against Safety National and need not reach the merits of Knight's claims of error on appeal.

*Judgment affirmed. Mercier and Pinson, JJ., concur.*