## A07A0217. HOLLAND v. COTTON STATES MUTUAL INSURANCE COMPANY.

(646 SE2d 477)

PHIPPS, Judge.

Florence Pratt Holland sought to recover from her insurance carrier, Cotton States Mutual Insurance Company, under an uninsured/underinsured motorist ("UM") insurance policy. The trial court granted Cotton States' motion for summary judgment against Holland's UM claim, and we affirm.

On May 12, 2003, Holland was involved in an automobile accident with Wilmer Moran. She reached a settlement with Moran's insurance carrier, GEICO General Insurance Company, for $24,000, which was $1,000 less than the policy's limit. As part of the settlement, Holland signed a document entitled "Limited Release Pursuant to O.C.G.A. § 33-24-41.1." Among other things, this document referred to Moran as a "Limited Releasee" and sought to release him of liability "except to the extent other insurance coverage is available which covers the claim or claims of [Holland] against the Limited Releasee (including, but not limited to, certain uninsured/underinsured motorist insurance coverage provided by Cotton States Mutual Insurance Company)." The document expressly mentioned the $24,000 settlement amount.

After Holland settled with Moran, Cotton States moved for summary judgment, arguing that Holland could not recover on the UM policy because she had settled with Moran for less than the liability limits of the GEICO policy. The trial court granted Cotton States' motion without explanation. We review the grant of summary judgment de novo.[1]

1. Holland contends that the trial court should not have granted summary judgment to Cotton States because, under OCGA § 33-24-41.1, the release allows her to pursue her UM claim against Cotton States. OCGA § 33-24-41.1 (a) provides:

In any instance where a claim arising out of a motor vehicle accident is covered by two or more insurance carriers, one such carrier may tender, and the claimant may accept, the limits of such policy. . . . Such claimant or claimants may execute a limited release applicable to the settling carrier and its insured based on injuries to such claimants. . . .

<hr>

[1] *Wentworth v. Eckerd Corp.*, 248 Ga. App. 94 (545 SE2d 647) (2001).

Exhausting available liability coverage is a "condition precedent to [a] UM claim."[2] In OCGA § 33-24-41.1, "the legislature carefully preserved the exhaustion requirement by providing that a limited release under one policy will not compromise the claim under other policies when the settlement is for 'the *limits* of such policy.' "[3] Statutes must be read according to the "natural and most obvious import of the language."[4] Under this rule, the meaning of "limits" is clear: A carrier must offer and a claimant must accept an amount equal to the limit stated in the policy, not an amount less than the limit stated in the policy.[5] This construction of section 33-24-41.1 satisfies the goal of UM coverage, "the protection of innocent victims from the negligence of irresponsible drivers."[6] A claimant may seek recovery under a UM policy when the claimant's damages exceed the limits of the tortfeasor's liability policy, after first recovering those liability limits from the tortfeasor through settlement.

Holland urges us to adopt the doctrine of "constructive exhaustion" recognized in other jurisdictions, which allows a claimant to seek UM recovery after settling with a liability carrier for less than the policy limits.[7] As the Supreme Court of Georgia noted in *Daniels v. Johnson*,[8] however, it is for the legislature to determine whether and when to allow settlements for less than the stated policy limits to satisfy the exhaustion requirement.[9]

Holland also asserts that the definition of "uninsured motor vehicle" in the Uninsured Motorist Act[10] supports her claim against Cotton States because she contends that the definition covers Moran's vehicle. Holland does not suggest, however, that the Uninsured Motorist Act excuses her from the requirement that she first exhaust liability coverage before proceeding on a UM claim, and in fact nothing in the Uninsured Motorist Act contains an exemption from the exhaustion requirement.

---

[2] *Daniels v. Johnson*, 270 Ga. 289, 290 (509 SE2d 41) (1998).

[3] Id. at 291 (2) (quoting OCGA § 33-24-41.1) (emphasis supplied).

[4] *Ga. Mut. Ins. Co. v. Gardner*, 205 Ga. App. 458, 460 (422 SE2d 324) (1992) (citations and punctuation omitted).

[5] See *Daniels v. Johnson*, supra ("[I]f the plaintiff settles for the limits of the policy *as stated in the policy* and executes a limited release in accordance with OCGA § 33-24-41.1, the plaintiff may pursue his UM claim.") (emphasis supplied).

[6] *Terry v. State Farm Fire &c. Ins. Co.*, 269 Ga. 777, 778 (1) (504 SE2d 194) (1998) (citation omitted).

[7] In support of her "constructive exhaustion" argument, Holland cites *Horace Mann Ins. Co. v. Adkins*, 599 SE2d 720 (W.Va. 2004). The court in *Adkins* recognized that Georgia does not follow this doctrine. Id. at 729, n. 12.

[8] Supra.

[9] 270 Ga. at 291 (2).

[10] OCGA § 33-7-11.

When Holland settled for less than the limits stated in the GEICO policy, she failed to exhaust available liability coverage. For this reason, she cannot recover from her UM carrier, Cotton States, and the trial court properly granted Cotton States' motion for summary judgment.

2. Holland asserts that she signed the release believing it was in accordance with OCGA § 33-24-41.1 and that she could proceed with her claim against Cotton States. She contends that, if this is not the case, then the release was signed under a mutual mistake of law and that, instead of granting summary judgment to Cotton States, the trial court should have voided the release. But even that would not change the fact that the underlying settlement did not exhaust available liability coverage. That undisputed fact entitled Cotton States to summary judgment.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 11, 2007 — 

*Reynolds & McArthur, W. Carl Reynolds, Katherine L. McArthur, Bradley J. Survant*, for appellant.
*Miller, Cowart & Howe, Wallace Miller III, Hall, Bloch, Garland & Meyer, Jay C. Traynham, Christina K. Brosche*, for appellee.