A08A0115. ALLSTATE INSURANCE COMPANY v. THOMPSON
et al.
A08A0116. GEORGIA FARM BUREAU CASUALTY INSURANCE
COMPANY v. THOMPSON et al.
(662 SE2d 164)

BLACKBURN, Presiding Judge.

In this action to collect uninsured/underinsured motorist ("UM") benefits, defendants Allstate Insurance Company and Georgia Farm Bureau Casualty Insurance Company appeal (through the interlocutory appeal procedure) the trial court's partial denial of their motions for summary judgment, in which the trial court ruled that a release executed by Richard and Laura Thompson did not conclusively establish that Richard received less than the limits of the liability policy insuring the negligent driver who injured him and his wife. We hold that the release unambiguously showed that Laura received a portion of the money paid thereunder, thereby establishing that the full amount did not go for Richard's injuries. Accordingly, because Richard could not show that he had exhausted the policy limits of the negligent driver's policy (which is a condition precedent to recovering UM benefits), we reverse.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that in March 2002, Randall Bacon negligently drove his vehicle into the rear-end of a vehicle in which Laura was the driver and Richard the passenger. The Thompsons jointly sued Bacon, alleging that they were both physically injured as a result of the accident and further that Laura had suffered loss of consortium. They served copies of the suit on their UM carriers, Allstate and Georgia Farm.[2] In interrogatory responses, the Thompsons each swore that he or she was physically injured by the accident and received medical treatment therefor.

The Thompsons settled their claims against Bacon, whose policy

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] The Thompsons had four policies with Georgia Farm, each of which provided $25,000 per person in UM benefits for personal injuries; Richard had one policy with Allstate, which provided $75,000 in UM benefits. Stacking these benefits provided $175,000 in UM benefits for Richard's personal injuries. See *State Farm &c. Ins. Co. v. Hancock*, 164 Ga. App. 32, 33-34 (295 SE2d 359) (1982) (stacking allowed). If he received the full $100,000 allowed under the Bacon policy, this would leave Richard with $75,000 in available UM benefits under his policies with Allstate and Georgia Farm. See OCGA § 33-7-11 (b) (1) (D) (ii).

limits were $100,000 per individual and $300,000 per accident (meaning there was $100,000 available to cover Richard's injuries plus another $100,000 to cover Laura's injuries). They jointly executed a limited release, which provided:

> [T]he undersigned, RICHARD THOMPSON and LAURA THOMPSON, Individually and as Husband and Wife, pursuant to OCGA § 33-24-41.1, in consideration of the sum of One Hundred Thousand Dollars ($100,000.00) the receipt of which is hereby expressly acknowledged, do hereby release . . . Bacon [and his insurer] . . . from any and all claims, . . . including but not limited to, claims for personal injuries [and] loss of consortium [arising out of the March 2002 accident].

The release further provided that the Thompsons were "the sole proper parties to receive the proceeds of the settlement," and that they had read the release and consulted an attorney regarding the effect of the release. The release also provided that it was not intended to release any claim of the Thompsons to UM coverage from their own insurance carriers. Richard signed the release "Individually and as Husband of Laura Thompson," and Laura signed the release "Individually and as Wife of Richard Thompson."

Based on the release and money paid thereunder, Allstate and Georgia Farm both moved for summary judgment on the UM claims asserted against them by the Thompsons, arguing that the release established that neither plaintiff had exhausted the limits of Bacon's liability policy where the total amount paid was $100,000, which went in part to Richard and in part to Laura. Because the policy allowed $100,000 per person, the insurance companies contended that paying less than that full amount to a single plaintiff precluded either plaintiff from seeking UM benefits. The Thompsons countered with an affidavit from their attorney, who testified that (i) Laura's injuries were "nominal" and "not worth pursuing," (ii) "[t]he sole purpose of the settlement with the liability carrier was to settle the claims of Richard Thompson against Bacon in a manner which allowed Thompson to continue to pursue his claim against [Allstate and Georgia Farm]," and therefore (iii) "[n]o funds were paid or intended to be paid for the claims of Laura Thompson."

As to Laura's claims for UM coverage, the trial court granted the motions of Allstate and Georgia Farm, which ruling Laura has not appealed. However, as to Richard's claims for UM coverage, the trial court denied these motions, reasoning that the affidavit from the Thompsons' attorney raised an issue of fact as to whether Richard received the full $100,000 under the settlement. Allstate in Case No.

A08A0115 and Georgia Farm in Case No. A08A0116 have appealed this ruling as to Richard's claims.

"Exhausting available liability coverage is a condition precedent to a UM claim." (Punctuation omitted.) *Holland v. Cotton States Mut. Ins. Co.*[3] See OCGA §§ 33-7-11 (b) (1) (D) (ii); 33-24-41.1. See also *Daniels v. Johnson.*[4] Regardless of language in the release that seeks to preserve a UM claim, a release in which a plaintiff settles for less than the limits stated in the liability policy precludes a UM claim on the basis that the plaintiff has failed to meet the condition precedent of exhausting available liability coverage. *Holland*, supra, 285 Ga. App. at 367 (1).

Therefore, to the extent that the release here conclusively establishes that Richard did not exhaust the limits of the Bacon policy, then Richard is precluded from pursuing his UM claims against Allstate and Georgia Farm. Bacon's policy limit was $100,000 for Richard's claim. Richard did not exhaust that limit if any of the $100,000 paid under the joint release went to Laura to pay for her personal injury claim or for her loss of consortium claim (which theoretically would increase as Richard's personal injury claim increased). *Walsh v. Campbell*[5] held that under a joint release, each party is considered as having received at least a portion of the consideration paid.

> To the extent to which [a husband and wife] urge by inference that there was no consideration given for [the wife's] signing the release, the release itself defeats the claim. Both husband and wife signed it, and its necessary interpretation is that the consideration stated was paid to them jointly. . . . There was consideration given for her execution of the release.

Id.

Nevertheless, Richard claims that his attorney's affidavit, in which the attorney minimizes Laura's injuries and states that "[n]o funds were paid or intended to be paid for the claims of Laura Thompson" from the $100,000 paid under the release, creates an issue of fact that precludes summary judgment. We disagree.

Parol evidence (such as the attorney's affidavit here) is not admissible to contradict or construe an unambiguous release. *Speed*

---

[3] *Holland v. Cotton States Mut. Ins. Co.*, 285 Ga. App. 365, 366 (1) (646 SE2d 477) (2007).
[4] *Daniels v. Johnson*, 270 Ga. 289, 290 (1) (509 SE2d 41) (1998).
[5] *Walsh v. Campbell*, 130 Ga. App. 194, 200 (202 SE2d 657) (1973).

*v. Muhanna.*[6] After reviewing the various Supreme Court of Georgia decisions[7] on the issue of whether a *nonparty* to a release may invoke the protection of this parol evidence rule to exclude evidence regarding the intent of the release, *Kinard v. Worldcom, Inc.*[8] held that "[t]he parol evidence rule still governs whether evidence is admissible to explain the scope of a release." Accordingly, *Kinard* allowed a nonparty to invoke the rule to preclude parol evidence as to what claims were released and further even allowed that nonparty to receive its attorney fees for having to litigate the issue. Id. at 617-618. Similarly, we hold that Richard's attempt to present parol evidence here as to what and whose claims were released (and accordingly who received the money paid under the release) pertains to the scope of the release and therefore is barred by the parol evidence rule.

As the release here unambiguously provided for the payment of the $100,000 jointly to Richard and Laura in exchange for their releasing all claims, Laura necessarily received a portion of the proceeds for her alleged physical injuries and loss of consortium, which means that Richard did not exhaust the limits of the liability policy and therefore could not pursue his UM claims. The trial court erred in denying summary judgment to Allstate and Georgia Farm.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 25, 2008 —
RECONSIDERATION DENIED MAY 12, 2008 

*Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Ambadas B. Joshi, Julie D. Culhane*, for appellant (case no. A08A0115).

*Brennan, Harris & Rominger, Mason White*, for appellant (case no. A08A0116).

*Smith & Jenkins, Wilson R. Smith*, for appellees.

---

[6] *Speed v. Muhanna*, 274 Ga. App. 899, 905 (2) (b) (619 SE2d 324) (2005).

[7] These decisions generally allowed parol evidence (over the objection of nonparties) to discern the entities released by the release, not the scope of the release. See *Lackey v. McDowell*, 262 Ga. 185, 186 (415 SE2d 902) (1992); *Posey v. Med. Center-West*, 257 Ga. 55, 58-59 (354 SE2d 417) (1987).

[8] *Kinard v. Worldcom, Inc.*, 244 Ga. App. 614, 617 (536 SE2d 536) (2000).