S08G1594. THOMPSON et al. v. ALLSTATE INSURANCE COMPANY.
S08G1595. THOMPSON et al. v. GEORGIA FARM BUREAU CASUALTY INSURANCE COMPANY.
(673 SE2d 227)

CARLEY, Justice.

Richard and Laura Thompson (Appellants) brought suit against Randall Bacon for physical injuries which they sustained as a result

---

of a vehicular collision and for Mrs. Thompson's loss of consortium. Appellants also served Allstate Insurance Company and Georgia Farm Bureau Casualty Insurance Company (Appellees) in their capacities as underinsured motorist (UM) carriers. Appellees filed defensive pleadings in their own names, thereby becoming parties to the action and gaining the right to assert any coverage defenses, including an alleged failure to comply with a condition precedent to recovery of UM benefits. See *Darby v. Mathis*, 212 Ga. App. 444, 447 (2) (441 SE2d 905) (1994); *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE2d 676) (1980). Bacon was covered by a liability insurance policy with limits of $100,000 per person and $300,000 per accident.

In consideration of $100,000, Appellants individually and as husband and wife executed a limited release of Bacon and the liability insurer from any and all claims pursuant to OCGA § 33-24-41.1. The release provides that it "is not intended to and does not release any claim that [Appellants] may have for underinsured motorist coverage," that they "expressly reserve the right to pros-ecute a legal action, in tort, against the releasees solely for the purpose of establishing a claim for Underinsured Motorist Benefits under any automobile policy applicable to" Appellants and that, "[i]f any judgment is obtained against . . . Bacon, [Appellants] agree[ ] to seek to collect such judgment from their underinsured motorist carriers." The release further states that Appellants "are the sole proper parties to receive the proceeds of the settlement" and that they "consulted with their attorney and understand the effect of the things herein agreed to . . . ."

Appellees filed motions for summary judgment on the ground that the release established that neither Appellant had exhausted the available liability coverage. In response, Appellants submitted their attorney's affidavit, which stated that "[n]o funds were paid or intended to be paid for the claims of [Mrs.] Thompson[,]" that her claims were "nominal" and "not worth pursuing," and that "[t]he sole purpose of the settlement with the liability carrier was to settle the claims of [Mr.] Thompson against Bacon in a manner which allowed [Mr.] Thompson to continue to pursue his claim against [Appellees]."

The trial court granted the motions for summary judgment as to Mrs. Thompson's claims and claims for punitive damages, but denied the motions as to Mr. Thompson's claim. The trial court found that Appellees, as strangers to the contract between Appellants and the liability insurance carrier, could not invoke the parol evidence rule and that genuine issues of material fact exist with regard to the terms and intent of the parties to the limited release, whether the payment in consideration of the release was made solely because of

Mr. Thompson's claim, and whether Mrs. Thompson was an accommodation party to the release instead of a recipient of the funds.

The Court of Appeals reversed, holding that the language of the release seeking to preserve the UM claims did not relieve Appellants of the condition precedent of exhausting available liability coverage. The Court of Appeals then determined that the release unambiguously showed that Mrs. Thompson necessarily received at least a portion of the consideration for the release, thereby establishing that Mr. Thompson did not exhaust the liability coverage. The Court of Appeals also held that Appellees could invoke the parol evidence rule with regard to the scope of the release. *Allstate Ins. Co. v. Thompson*, 291 Ga. App. 465, 467-468 (662 SE2d 164) (2008). Having granted certiorari to review the Court of Appeals' decision, we conclude that, although Appellants were required to exhaust available liability coverage, the release did not unambiguously show that Mr. Thompson settled for less than the limits stated in the liability policy and, moreover, Appellees, as strangers to the release, could not invoke the parol evidence rule.

1. This Court has already held, as a matter of statutory construction, "that a party must exhaust available liability coverage before recovering under a UM policy[,]" and that a plaintiff may pursue his UM claim if he "settles for the limits of the policy as stated in the policy and executes a limited release in accordance with OCGA § 33-24-41.1 . . . ." *Daniels v. Johnson*, 270 Ga. 289, 290 (1), 291 (2) (509 SE2d 41) (1998). Both of these requirements had to be fulfilled before Mr. Thompson could pursue his UM claims. He undisputedly met one requirement when he executed the limited release pursuant to OCGA § 33-24-41.1. Consistent with subsections (b) (2) and (d) (1) of that statute, the language of the release in this case expressly preserved any UM claims. However, such language does not fulfil the separate requirement that the underlying settlement exhaust available liability coverage. See *Holland v. Cotton States Mut. Ins. Co.*, 285 Ga. App. 365, 367 (2) (646 SE2d 477) (2007). Instead, that language confirms the nature of the document as a limited release which complies with OCGA § 33-24-41.1 and identifies UM carriers as entities which are not released.

Based upon *Daniels* and *Holland*, the Court of Appeals held that Mr. Thompson did not exhaust the $100,000 per person limit in the liability policy "if any of the $100,000 paid under the joint release went to [Mrs. Thompson] to pay for her personal injury claim or for her loss of consortium claim . . . ." *Allstate Ins. Co. v. Thompson*, supra at 467. This holding is correct, with one exception. A claim for loss of consortium "is based not upon injury to the body of the claimant but instead solely upon the claimant's property right arising out of the marriage relationship to the love, companionship,

and conjugal affection of the spouse. [Cits.]" *Bartlett v. American Alliance Ins. Co.*, 206 Ga. App. 252, 254 (1) (424 SE2d 825) (1992). See also 9 Couch on Ins. § 126:33 (3d ed.) (citing *Bartlett* as in accord with the majority view). Thus, under standard automobile insurance policy provisions, a wife "is not entitled to recover from [a liability insurer] her damages for loss of consortium independent of her husband's claim under the 'bodily injury liability' coverage in the policy." *Bartlett v. American Alliance Ins. Co.*, supra at 255 (1). When the per person "maximum ha[s] been paid on account of the injury to the husband, the . . . claim of the wife because of her loss of consortium is all in excess of the . . . maximum covered and paid, and the insurer is not liable therefor." *State Farm Mut. Auto. Ins. Co. v. Hodges*, 221 Ga. 355 (144 SE2d 723) (1965). Application of standard policy provisions similarly indicates that the liability insurer's total payments for both the husband's bodily injury claim and the wife's loss of consortium claim added together will not exceed the limit of liability specified for injury to one person. Frank E. Jenkins, III & Wallace Miller, III, *Ga. Automobile Insurance Law* § 18:2, p. 207 (2007-2008 ed.).

> For example, if the limit of liability in an applicable policy is the minimum required by this state of $25,000 for injury to one person and $50,000 for injury to more than one person, the insurer's total liability for personal injury to one spouse and loss of consortium injury to the other will be $25,000. This limitation applies because the damage to both the husband and wife arises out of a personal injury to only one person. [Cits.]

Jenkins & Miller, supra. However, these observations do not resolve this case because Mrs. Thompson brought her own separate personal injury claim.

2. In concluding that the release unambiguously shows that Mr. Thompson did not exhaust the limits of the liability policy, the Court of Appeals stated that *Walsh v. Campbell*, 130 Ga. App. 194, 200 (202 SE2d 657) (1973) "held that under a joint release, each party is considered as having received at least a portion of the consideration paid." *Allstate Ins. Co. v. Thompson*, supra. However, this is not the holding of *Walsh*. In that case, the consideration was not in any manner divided between the two spouses, nor was some portion thereof imputed to each spouse. Rather, the consideration was regarded as having been jointly paid under the release and, thus, there was consideration for the wife's execution of the release even though none of the payment thereunder was attributable to her subsequently manifested personal injuries.

Furthermore, "[c]onsideration need not be a benefit accruing to the promisor, but may be a benefit accruing to another. [Cits.]" *Fisher v. Toombs County Nursing Home*, 223 Ga. App. 842, 845 (2) (479 SE2d 180) (1996). Indeed, " '[a] contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law — the most elementary.' [Cit.]" *Marsh v. Chrysler Ins. Co.*, 169 Ga. App. 639, 640 (2) (314 SE2d 475) (1984). See also OCGA § 13-3-42 (d); John K. Larkins, Jr., *Ga. Contracts: Law and Litigation* § 4-9, p. 102 (2002).

Accordingly, the joint release in this case does not necessarily indicate that Mrs. Thompson received a portion of the proceeds for her own physical injuries. Instead, her promise to release all non-UM claims may have been in return for payment to her husband of the liability limits for his bodily injury claim. Under the law set forth above, such a consideration would adequately support her contractual obligation under the release. Therefore, the release is ambiguous as to whether Mr. Thompson settled his bodily injury claim for less than the available liability coverage.

3. Moreover, even if the release were unambiguous, parol evidence regarding its scope is nevertheless admissible because Appellees are strangers to that contract. In *Knight v. Lowery*, 228 Ga. 452, 457 (2) (185 SE2d 915) (1971), this Court held, citing 13 ALR3d 313 and *Dickey v. Grice*, 110 Ga. 315 (35 SE 291) (1900), that the parol evidence rule is applicable only to the parties to a release or other contract and to their privies, so that parol evidence is admissible in favor of or against a stranger to the release. Although *Knight* was partially overruled in *Maxey v. Hosp. Auth. of Gwinnett County*, 245 Ga. 480, 482 (265 SE2d 779) (1980), it was reaffirmed in relevant part in *Williams v. Physicians & Surgeons Community Hosp.*, 249 Ga. 588, 591 (292 SE2d 705) (1982), which specifically held that "parol evidence is . . . admissible . . . 'to ascertain the true intention of the parties [to the release] with regard to those persons who were to be bound or covered by the release.' [Cit.]"

*Williams* was followed in *Posey v. Medical Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987), which held "that the intent of the parties to the release regarding its effect may be proven by external evidence as against a third party. One not a party to the release may not object to the external evidence under the parol evidence rule. [Cits.]" We quoted and applied this language in *Lackey v. McDowell*, 262 Ga. 185, 186 (415 SE2d 902) (1992), but modified it to the following extent: "Only those parties *named* in the release will be discharged by that instrument. By 'named,' we mean being identified either by proper name or such other description as leaves no

question of the identity of the party released." (Emphasis in original.) *Lackey v. McDowell*, supra at 186, fn. 3.

Thus, it is abundantly clear, without resorting to parol evidence, that Appellees are not entities which are covered by the release. However, as for any remaining questions with regard to the effect of the release, the rule first articulated in *Knight* and reaffirmed in *Posey* remains applicable. Except for determining which persons are covered or bound by the release, " '[p]arol evidence is always admissible against a stranger to the release. . . .' [Cit.]" *Lackey v. McDowell*, supra at 186, fn. 1. To the extent that *Kinard v. Worldcom*, 244 Ga. App. 614, 617-618 (536 SE2d 536) (2000) holds otherwise, it is hereby overruled.

Accordingly, the Court of Appeals erred in relying on *Kinard* and holding that Mr. Thompson's "attempt to present parol evidence here as to what and whose claims were released (and accordingly who received the money paid under the release) pertains to the scope of the release and therefore is barred by the parol evidence rule." *Allstate Ins. Co. v. Thompson*, supra at 468.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*Smith & Jenkins, Wilson R. Smith*, for Thompson et al.

*Julie D. Culhane, Barrow & Ballew, Joseph H. Barrow, Carlock, Copeland & Stair, Frederick M. Valz III, Hugh M. Ruppersburg, Ambadas B. Joshi, Brennan, Harris & Rominger, G. Mason White, James D. Kreyenbuhl*, for Allstate Insurance Company and Georgia Farm Bureau Casualty Insurance Company.

*Harris, Penn & Lowry, Darren W. Penn, Charles M. Cork III*, amici curiae.