A08A0115. ALLSTATE INSURANCE COMPANY
v. THOMPSON et al.
A08A0116. GEORGIA FARM BUREAU CASUALTY INSURANCE
COMPANY v. THOMPSON et al.

(676 SE2d 387)

BLACKBURN, Presiding Judge.

In *Thompson v. Allstate Ins. Co.*,[1] the Supreme Court of Georgia reversed the judgment of this Court in *Allstate Ins. Co. v. Thompson.*[2] Therefore, we vacate our earlier opinion and adopt the opinion of the Supreme Court as our own. In doing so, we make two observations.

First, Mrs. Thompson testified under oath that she had received physical injuries from the accident, for which she was suing in the lawsuit. In response to interrogatories, she swore under oath that the accident caused her to suffer a C5-6 cervical disk herniation, cervical radiculopathy, and cervical instability. In her deposition, she testified that immediately following the accident, she experienced a headache and then soreness, and her husband confirmed in his deposition that she had suffered back and neck injuries as a result of the accident. Accordingly, in her joint lawsuit with her husband, she alleged that she had experienced pain and suffering from the

---

[8] OCGA § 16-5-23; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] *Thompson v. Allstate Ins. Co.*, 285 Ga. 24 (673 SE2d 227) (2009).
[2] *Allstate Ins. Co. v. Thompson*, 291 Ga. App. 465 (662 SE2d 164) (2008).

accident and that she sought "to recover from the defendant for pain and suffering already sustained, as well as future pain and suffering."

She then signed a release in which she specifically released her "claims for personal injuries" and all other claims in exchange for the $100,000 paid to her and her husband. Thus, the Supreme Court's statement in its opinion that "the joint release in this case does not necessarily indicate that Mrs. Thompson received a portion of the proceeds for her own physical injuries" is mystifying. See *Thompson*, 285 Ga. at 28.

Second, the Supreme Court overruled *Kinard v. Worldcom, Inc.*,[3] which was good law when we issued our original opinion in this case. *Kinard* did not allow parol evidence to narrow or otherwise reinterpret the scope of an unambiguous written release, even if the entity seeking to invoke the rule was a nonparty to the agreement. Overruling this decision would appear to encourage parties who have signed a release to later collude (when they deem such to be in their best interests) and to submit post hoc oral evidence that would narrow the clear language of the scope of a general release to the detriment of third parties to the release. We suspect that such an approach will discourage the finality associated with clear and broad releases, which as here specifically released particular claims that one party at a later time desired to be excluded from the release. This hardly seems to be a positive development in the law.

*Judgment affirmed. Miller, C. J., and Ellington, J., concur.*

DECIDED MARCH 16, 2009.

*Carlock, Copeland & Stair, Frederick M. Valz III, Ambadas B. Joshi, Julie D. Culhane*, for appellant (case no. A08A0115).

*Brennan, Harris & Rominger, Mason White*, for appellant (case no. A08A0116).

*Smith & Jenkins, Wilson R. Smith*, for appellees.

---

[3] *Kinard v. Worldcom, Inc.*, 244 Ga. App. 614, 617 (536 SE2d 536) (2000).