## A09A1625. MULLINAX et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(692 SE2d 734)

BARNES, Judge.

Shirley and James Mullinax appeal the trial court's order denying their motion to correct an alleged clerical error and granting summary judgment to their uninsured/underinsured motorist (UM) carrier, State Farm Mutual Automobile Insurance Company. Because the Mullinaxes met the conditions precedent for pursuing their UM claim, and because the trial court erred in denying their motion to rescind their voluntary dismissal with prejudice, we reverse.

In August 2007 Shirley Mullinax sued David English for personal injuries sustained during a motor vehicle collision, and her husband James Mullinax sued for loss of consortium. The Mullinaxes served a copy of the complaint and subsequent pleadings on State Farm, their UM carrier, which answered and counterclaimed against English for any sums State Farm became required to pay. Having filed defensive pleadings in its own name, State Farm became a party to the action and gained the right to assert any coverage defenses, including an alleged failure to comply with a condition precedent to recovery of UM benefits. *Thompson v. Allstate Ins. Co.*, 285 Ga. 24 (673 SE2d 227) (2009). English was covered under an insurance policy issued to his employer, which had liability limits of $25,000 per person.

In January 2008, the Mullinaxes settled their claims against English, releasing him and his insurer for $25,000, pursuant to OCGA § 33-24-41.1. The release allocated $20,000 to settle Shirley Mullinax's claim and $5,000 to settle James Mullinax's claim, and the Mullinaxes agreed not to assert any claims against English or his insurer "except as necessary to prosecute any claim against their uninsured motorist carrier(s)." In February 2008, counsel for the Mullinaxes filed a pleading titled "Voluntary Dismissal with Prejudice as to David English." The body of the pleading provided that the Mullinaxes dismissed "the above-styled lawsuit with prejudice, as to Defendant David English only. All claims against the Plaintiff's uninsured motorist carrier, State Farm Mutual Automobile Insurance Company are not dismissed."

In September 2008, State Farm moved for summary judgment, arguing that the Mullinaxes could not recover UM benefits under their policies because they failed to exhaust the limits of English's liability coverage, each having settled for less than the $25,000 policy limit. State Farm also argued that the plaintiffs lost their right to proceed against it when they voluntarily dismissed with prejudice their claims against English. Because their claim against State Farm was based on their negligence claims against English, dismissing

English with prejudice defeated the Mullinaxes' claim against State Farm, the insurer argued.

In response, the Mullinaxes filed a motion "to correct a clerical error in the voluntary dismissal with prejudice as to David English" and asked the trial court pursuant to OCGA § 9-11-60 (g) "to rescind the Voluntary Dismissal with Prejudice as to David English." Along with their brief in support of this motion were attached the affidavits of the lawyers for the Mullinaxes and English, in which both stated they did not intend to dismiss the complaint against English with prejudice. English's lawyer stated that he prepared the formal settlement paperwork and "sent Counsel for Plaintiff a limited release, a settlement draft for $25,000, and a Voluntary Dismissal with Prejudice form to be executed." His express intention was to send a dismissal without prejudice form that would allow their claims to proceed against the UM insurer and "effectuate the intent of the 'limited' (not general) release," but mistakenly sent a dismissal with prejudice instead. The Mullinaxes' lawyer said that the limited release was intended to relieve the defendant and his insurer from liability but retain the rights to pursue the Mullinaxes' own insurer under their UM coverage pursuant to OCGA § 33-24-41.1. His "execution of the Voluntary Dismissal with Prejudice as to all claims of David English was a mistake committed through oversight," and upon discovering the error he moved promptly in cooperation with English's counsel to correct the error.

At the hearing on the motions, counsel for the Mullinaxes agreed with State Farm that a dismissal with prejudice precluded his clients from obtaining a judgment against English and thus proceeding against their own insurer. He asked the court to allow him to dismiss the case without prejudice and then refile. He knew the difference between a dismissal without and a dismissal with prejudice, could not explain how he failed to catch the error, and had notified his errors and omissions (E & O) carrier of the incident. State Farm argued that the error was not the kind of clerical error that OCGA § 9-11-60 (g) was intended to address, but was a legal error which counsel for English included in the first draft and counsel for the Mullinaxes failed to correct despite making other changes to the document before filing it.

Ruling from the bench, the trial court acknowledged the harm ensuing to the Mullinaxes due to this error, but concluded that filing the dismissal with prejudice instead of without prejudice was "an error of law and understanding the application of the law," a finding repeated in the court's written order. The court also found in its written order that "neither party exhausted Defendant's liability coverage so as to enable either to recover UM benefits from State Farm," relying on this court's opinion in *Allstate Ins. Co. v. Thomp-*

YALE LAW LIBRARY

*son*, 291 Ga. App. 465 (662 SE2d 164) (2008), since reversed in *Thompson v. Allstate Ins. Co.*, supra, 285 Ga. 24.

1. The Mullinaxes argue the trial court erred in finding that they did not exhaust the policy limits of the defendant's liability insurance, which is one prerequisite to their claim for UM coverage from their insurer. OCGA § 33-24-41.1 provides a statutory framework for parties to settle claims against a tortfeasor's liability carrier and still proceed with a claim under the injured party's UM policy. A party must exhaust available liability coverage before recovering under a UM policy. *Holland v. Cotton States Mut. Ins. Co.*, 285 Ga. App. 365, 366 (1) (646 SE2d 477) (2007). So, for example, a plaintiff who settled with the defendant's liability carrier for $1,000 less than the policy limit was precluded from proceeding with a claim against her UM carrier. Id.

But a spouse is not entitled to recover damages for loss of consortium independent of her spouse's claim "under the 'bodily injury liability' coverage in the policy." *Bartlett v. American Alliance Ins. Co.*, 206 Ga. App. 252, 255 (1) (424 SE2d 825) (1992). In other words, "the liability insurer's total payments for both the husband's bodily injury claim and the wife's loss of consortium claim added together will not exceed the limit of liability specified for injury to one person. [Cit.]" *Thompson v. Allstate Ins. Co.*, supra, 285 Ga. at 27 (1).

In *Thompson*, a husband and wife were both injured in a car wreck. They executed a limited release of the tortfeasor and his liability insurer from any and all claims pursuant to OCGA § 33-24-41.1 in exchange for the maximum per person liability coverage of $100,000. The trial court granted the UM carrier's motion for summary judgment as to the wife but denied it as to the husband. This court reversed in *Allstate Ins. Co. v. Thompson*, supra, 291 Ga. App. 465, but the Supreme Court of Georgia reversed again, reinstating the trial court's denial of the UM carrier's motion for summary judgment as to the husband. The court held that the release was ambiguous, because the wife was injured also. If any of the settlement money went to the wife to pay for her personal injury claim, then the husband failed to exhaust the available liability coverage and could not proceed against his UM carrier. If the wife's promise to release all non-UM claims was made in return for payment to her husband of the liability limits for his bodily injury claim, however, the husband exhausted the available coverage.

> Application of standard policy provisions . . . indicates that the liability insurer's total payments for both the husband's bodily injury claim and the wife's loss of consortium claim

added together will not exceed the limit of liability specified for injury to one person.

*Thompson v. Allstate Ins. Co.*, supra, 285 Ga. at 27.

While *Allstate Ins. Co. v. Thompson* does not address the specific situation in this case, it clarifies that "the insurer's total liability for personal injury to one spouse and loss of consortium injury to the other will be $25,000. This limitation applies because the damage to both the husband and wife arises out of a personal injury to only one person." *Thompson v. Allstate Ins. Co.*, supra, 285 Ga. at 27. Here, because all of the damages arose out of the personal injury to Shirley Mullinax, the couple exhausted the available liability coverage and they may proceed against their UM carrier.

2. The Mullinaxes also argue that the trial court abused its discretion in denying their motion to rescind their dismissal with prejudice. OCGA § 9-11-60 (g), regarding relief from judgments, provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

In a similar case, our Supreme Court held that a "voluntary dismissal . . . 'with prejudice' was plainly a mistake." *Page v. Holiday Inns*, 245 Ga. 12, 13 (262 SE2d 783) (1980). It noted, "The defendants claim no prejudice beyond that which is experienced from a voluntary dismissal without prejudice," and reversed this court's decision in *Holiday Inns v. Page*, 151 Ga. App. 55 (258 SE2d 909) (1979). Similarly, in this case State Farm is not prejudiced by this mistake; in fact, it would gain a substantial unearned windfall if the plaintiffs cannot correct the error.

Relying on *Page*, this court in another very similar case reversed a trial court's denial of a motion to rescind a dismissal with prejudice under OCGA § 9-11-60 (g). *Sanson v. State Farm Fire &c. Co.*, 276 Ga. App. 555 (623 SE2d 743) (2005). In *Sanson*, a liability carrier prepared settlement documents, mistakenly including a dismissal with prejudice against its insured. The plaintiff's counsel signed and filed the documents. When he subsequently realized his error, he prepared a consent order rescinding the dismissal with prejudice, which counsel for the two liability insurers involved signed. State Farm would not agree, however, and the trial court would not grant the motion without all parties' consent. Id. at 556. The court subsequently granted State Farm's motion for judgment on the

pleadings, based on the dismissal, but this court reversed, holding that the facts in that case "demonstrate that a clerical error was made by mutual mistake of the parties, resulting in an erroneous judgment." Id. Based on *Page*, the court in *Sanson* held that "the trial court abused its discretion by not allowing correction of that error." Id.

OCGA § 9-11-60 (g) "is intended to allow clerical or typographical mistakes in judgments, or *errors therein arising from oversight or omission*, to be corrected at any time." *Cooley v. All The World*, 247 Ga. 459, 460 (2) (276 SE2d 615) (1981). We can distinguish no difference between this case and *Sanson*, and thus we conclude that the trial court abused its discretion by not allowing the Mullinaxes to rescind their dismissal with prejudice, file a dismissal without prejudice, and refile the complaint.

*Judgment reversed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 24, 2010.

*Ragsdale, Beals, Seigler, Patterson & Gray, Ronald D. Reemsnyder*, for appellants.
*Myers & Stroberg, William A. Myers*, for appellee.