# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS, P. J., and BOGGS, J.

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 11, 2013**

# In the Court of Appeals of Georgia

A12A2295.   CARTER   v.   PROGRESSIVE   MOUNTAIN INSURANCE.

ANDREWS, Presiding Judge.

Velicia Carter, the injured tort claimant in an automobile accident, settled with the alleged tortfeasor's insurance carrier for payment of the $30,000.00 limit of liability coverage and provided a limited release pursuant to the provisions of OCGA § 33-24-41.1. Carter provided the limited release and accepted the $30,000.00 payment exhausting liability coverage on the condition stated in the release that $29,000.00 of the coverage limit be allocated toward payment of punitive damages and $1,000.00 toward payment of compensatory damages. At issue is whether under the provisions of OCGA § 33-24-41.1 Carter was entitled to condition the limited release on the requirement that punitive damages be allocated to liability coverage for

the purpose of substantially exhausting the coverage limit before recovery of underinsured motorist benefits in Carter's insurance policy with Progressive Mountain Insurance. We find that the limited release provisions of OCGA § 33-24-41.1 do not permit the claimant to accept payment of the tortfeasor's liability coverage limit on this condition and still preserve the right to pursue underinsured motorist benefits. Accordingly, we affirm the trial court's grant of summary judgment in favor of Progressive on Carter's claim for underinsured motorist benefits.

In December 2011, Carter sued Jeova Claudino Oliveira for injuries she suffered in a February 2010 automobile accident alleging that, while under the influence of alcohol, Oliveira negligently drove his vehicle into Carter's vehicle. In the same suit, Carter served Progressive, her underinsured motorist carrier, pursuant to the provisions of OCGA § 33-7-11 (d). Prior to the suit, Carter entered into a settlement in which Oliveira's liability insurance carrier, GEICO General Insurance Company, paid Carter the liability coverage limit of $30,000.00 in Oliveira's policy. In return, Carter gave GEICO and Oliveira a limited release pursuant to the provisions of OCGA § 33-24-41.1 with the added condition that the $30,000.00 payment she accepted as the liability coverage limit be allocated $29,000.00 toward punitive damages and $1,000.00 toward compensatory damages. After being served

2

in the suit as Carter's underinsured motorist carrier, Progressive answered and cross-claimed against Oliveira for any amounts required to be paid to Carter on its underinsured motorist coverage.[1] The trial court subsequently granted Progressive's motion for summary judgment on Carter's claim for underinsured motorist benefits. The Court ruled that, by imposing the condition that $29,000.00 of the liability coverage limit be allocated to the payment of punitive damages, Carter failed to comply with provisions of OCGA § 33-24-41.1 necessary for recovery of those benefits.

The Georgia uninsured (and underinsured) motorist statute (OCGA § 33-7-11) is designed to protect injured insureds only as to "actual loss" within the policy limits. *State Farm Mut. Automobile Ins. Co. v. Adams*, 288 Ga. 315, 316 (702 SE2d 898) (2010). Thus, uninsured motorist coverage under the statute applies only to compensatory damages and excludes coverage for punitive damages. *Roman v. Terrell*, 195 Ga. App. 219, 220-222 (393 SE2d 83) (1990); *State Farm Mut.*

---

[1] Progressive's pleadings show that it elected to participate in the suit directly in its own name and become a party to the action. *Langford v. Royal Indemnity Co.*, 208 Ga. App. 128, 129 (430 SE2d 98) (1993). This gave Progressive the right to assert coverage defenses as to uninsured/underinsured benefits, including an alleged failure to comply with a condition precedent to recovery of those benefits. *Thompson v. Allstate Ins. Co.*, 285 Ga. 24, 25 (673 SE2d 227) (2009); *Fire & Cas. Ins. Co. &c. v. Spell*, 183 Ga. App. 675, 677 (359 SE2d 705) (1987).

*Automobile Ins. Co. v. Weathers*, 260 Ga. 123 (392 SE2d 1) (1990). Where an offending driver is uninsured or underinsured, and lacks sufficient liability insurance to cover an injured insured's actual losses, uninsured motorist coverage applies to those actual losses to "place the injured insured in the same position as if the offending uninsured motorist were covered with liability insurance." *Adams*, 288 Ga. at 316 (punctuation and citation omitted).

Before an injured claimant is entitled to recover underinsurance motorist benefits against the claimaint's own insurance policy, the claimant must, as a condition precedent, exhaust available liability coverage in the tortfeasor's insurance policy.[2] *Daniels v. Johnson*, 270 Ga. 289, 290 (509 SE2d 41) (1998); *Holland v.*

---

[2] An "uninsured motor vehicle" under OCGA § 33-7-11 (b) (1) (D) includes a tortfeasor's motor vehicle that is underinsured. Under the "added on" or "excess" underinsured motorist coverage option for policies issued, delivered, renewed on or after January 1, 2009 (OCGA § 33-7-11 (b) (1) (D) (ii) (I)), benefits are provided up to the limits of the injured claimant's coverage for the amount that the claimant's actual losses exceed the liability coverage on the tortfeasor's motor vehicle. Ga. Automobile Ins. Law § 32:3 (2012 ed.). Under this coverage option, "[i]t matters not that the available liability coverage on the [tortfeasor's] motor vehicle is equal to or greater than the [claimant's] uninsured motorist coverage." Id. at § 32:3 (i) (3). By contrast, traditional or "reduced" underinsured motorist coverage provides benefits to the injured claimant only when the claimant's underinsured coverage limit is greater than the liability coverage limit on the tortfeasor's motor vehicle. Id. at (a); see OCGA § 33-7-11 (b) (1) (D) (ii) (II). The record shows that the $30,000.00 liability limit in Oliveira's GEICO policy exceeded the $25,000.00 limit of underinsured motorist coverage in Carter's Progressive policy. Although the polices

*Cotton States Mut. Ins. Co.*, 285 Ga. App. 365, 366 (646 SE2d 477) (2007). Prior to the 1992 enactment of OCGA § 33-24-41.1, an uninsured motorist carrier could require that an injured claimant (the carrier's insured) obtain a judgment against the tortfeasor in excess of the liability coverage limit as a condition for recovery of underinsured motorist benefits. *Daniels*, 270 Ga. at 290. To facilitate settlements, the limited release provisions of OCGA § 33-24-41.1 were enacted to provide a statutory framework for a claimant injured in an automobile accident to settle with the tortfeasor's liability insurance carrier for the liability coverage limit while preserving the claimant's pending claim for underinsured motorists benefits against the claimant's own insurance carrier. Id.; *Mullinax v. State Farm Mut. Automobile Ins. Co.*, 303 Ga. App. 76, 78 (692 SE2d 734) (2010). The statute authorizes the injured claimant to settle with the tortfeasor's insurance carrier by accepting payment of the carrier's limits of liability coverage in return for the claimant's execution of "a limited release applicable to the settling carrier and its insured based on injuries to such claimants. . . ." OCGA § 33-24-41.1 (a), (b). The limited release provided for in

at issue were not included in the record, there was no dispute between the parties in the trial court that Progressive had potential exposure under its policy for payment of underinsured motorist benefits, and that the tortfeasor's liability coverage did not exclude payment for punitive damages.

5

the statute releases the settling insurance carrier from any liability to the claimant, and releases the tortfeasor from personal liability while preserving the claimant's right to pursue claims to judgment against the tortfeasor for the purpose of collecting against other available insurance coverage including underinsured motorist coverage. OCGA § 33-24-41.1 (b); *Kent v. State Farm Mut. Automobile Ins. Co.*, 233 Ga. App. 564, 565 (504 SE2d 710) (1998); *Rodgers v. St. Paul Fire & Marine Ins. Co.*, 228 Ga. App. 499, 500-501 (492 SE2d 268) (1997). Carter provided a limited release in accordance with the above provisions of OCGA § 33-24-41.1, but added a condition requiring that the $30,000.00 payment she accepted to exhaust the liability coverage limit be allocated $29,000.00 toward punitive damages and $1,000.00 toward compensatory damages.

We find that this condition was inconsistent with the language and purpose of OCGA § 33-24-41.1. The statute provides that, when an injured claimant accepts the limits of the tortfeasor's liability insurance coverage, the claimant "may execute a limited release applicable to the settling carrier and its insured based on injuries to such claimants. . . ." OCGA § 33-24-41.1 (a). As set forth above, the limited release is part of a statutory framework to facilitate settlement of underinsured motorist claims by (1) allowing the injured claimant to settle by accepting payment exhausting

6

liability insurance coverage for "injuries to such claimants," and (2) preserving the injured claimant's right to recover against available uninsured motorist coverage – coverage which applies only to the claimant's actual injuries or losses and not to punitive damages. The statute's reference to a limited release based on "injuries to such claimants," is consistent with the purpose of underinsured motorist coverage to more fully compensate the injured insured for actual injuries or losses which the tortfeasor's inadequate liability insurance failed to cover. Given the plain language of the statute and the purpose of underinsured motorist coverage, we find that the limited release under OCGA § 33-24-41.1 was intended by the Legislature to apply only to the claimant's actual injuries or losses. See Ga. Automobile Ins. Law § 39:16 (2012 ed.). The condition added by Carter to the limited release – that $29,000.00 of the $30,000.00 liability coverage limit be allocated to payment of punitive damages – frustrates this intention by allocating punitive damages to substantially exhaust available liability coverage for actual injuries or losses. The allocation of punitive damages to force exhaustion of liability coverage does not advance the purpose of underinsured motorist coverage to increase available compensation for actual injuries and losses; indirectly shifts payment of punitive damages from the liability carrier to the underinsured motorist carrier, contrary to the purpose of underinsured motorist

7

coverage; and would ultimately increase underinsured motorist coverage premiums as a result of tortfeasors' wrongs. Id.

With the above-stated condition added to the limited release, Carter failed to accept the limits of Oliveira's liability coverage and provide the limited release in a manner consistent with the provisions of OCGA § 33-24-41.1. Accordingly, Carter was precluded from pursuing a claim for underinsured motorist benefits, and the trial court correctly granted summary judgment in favor of Progressive. *Holland*, 285 Ga. App. at 366-367; *Thompson*, 285 Ga. at 26.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*