**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 12, 2013**

# In the Court of Appeals of Georgia

A12A1714. NELSON v. THE STATE.

ANDREWS, Presiding Judge.

Following a jury trial, Joseph Nelson appeals his conviction for child molestation. He contends the trial court erred by instructing the jury, in violation of his constitutional due process rights, that child molestation was a lesser included offense of statutory rape. Because we find that child molestation is not a lesser included offense of statutory rape under the required evidence test, we must reverse Nelson's conviction.

Viewed most favorably to the verdict, the evidence shows that Nelson was charged with one count of statutory rape and one count of indecent exposure. At trial, however, because of the lack of direct evidence of penetration, the State requested a charge on child molestation as an included offense of statutory rape. Over Nelson's

objection, the trial court instructed the jury that child molestation was a lesser included offense of statutory rape. Thereafter, the jury acquitted Nelson of statutory rape and indecent exposure, and convicted him of child molestation. After the trial court denied Nelson's motion for a new trial, this appeal followed.

Citing *McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662) (1984), Nelson contends the trial court erred by charging the jury that child molestation was a lesser included offense of statutory rape because due process of law requires that the indictment put the defendant on notice of the crimes with which he is charged and against which he must defend. He asserts

> [i]t is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense.

*Goldin v. State*, 104 Ga. 549, 550 (30 SE 749) (1898). Nelson contends that neither exception to the general rule applies in his case. His premise is that he was wrongly convicted of a lesser included offense because his indictment for statutory rape did not necessarily include within itself all of the essential elements of child molestation.

2

The indictment charged Nelson with "on or about the 12th day of December, 2008, [Nelson] did, while being 18 years of age, engage in sexual intercourse with [TB], a 13 year old female child, and not being the spouse of the accused." The facts alleged in this indictment are not sufficient to establish the crime of child molestation because they do not raise the intent to arouse or satisfy the sexual desires of either the child or the accused which is an essential element of the crime of child molestation.

Further, statutory rape is not included within child molestation as a matter of law because the crimes have different elements, e.g., child molestation does not require that sexual intercourse occur, but statutory rape does. Compare OCGA § 16-6-3 (a) ("[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim) with OCGA § 16-6-4 (a) ("[a] person commits the offense of child molestation when such person (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person"). See also *Stulb v. State*, 279 Ga. App. 547, 549 (631 SE2d 765) (2006) (Reversed on other grounds, *Stuart v.*

3

*State*, __ Ga. App. ___ (734 SE2d 814) (2012) (statutory rape is not a lesser included offense of child molestation because the crimes have different elements).

A crime, however, may be included as a lesser included offense of the crime charged as a matter of fact when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). In *Drinkard v. Walker*, 281 Ga. 211, 214 (636 SE2d 530) (2006), our Supreme Court disapproved the "actual evidence" test and adopted the "required evidence" test for determining when one offense is included in another under OCGA § 16-1-6 (1). Further, this test is appropriate when considering whether jury charges are appropriate. *Stuart v. State*, supra, __ Ga. App. at ___.

> In applying the required evidence test
>
> the important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.

*Drinkard v. Walker*, 281 Ga. at 216. Under the test, we examine "whether each offense requires proof of a fact which the other does not." *Lucky v. State*, 286 Ga.

4

478, 481 (689 SE2d 825) (2010). Clearly, statutory rape and child molestation require proof of facts which the other does not, and therefore child molestation is not a lesser included offense of statutory rape. The State's reliance on *Burgess v. State*, 189 Ga. App. 790 (377 SE2d 543) (1989), is misplaced because it was decided under the actual evidence test, which was rejected in *Drinkard*. Accordingly, as the trial court erred by charging the jury that child molestation is a lesser included offense of statutory rape, Nelson's conviction must be reversed.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur*.